This is an appeal from the denial of a petition for post-conviction relief. The appellant challenges his two 1987 convictions for sexual abuse in the first degree. This Court affirmed those convictions by unpublished memorandum inWhitehead v. State, reported in the Table at 519 So.2d 1389
(Ala.Cr.App. 1987).
The appellant raised six issues in his petition: 1) illegal search and seizure, 2) illegal arrest, 3) excessive sentence, 4) failure of the district attorney to disclose evidence favorable to the defense, 5) newly discovered evidence, and 6) ineffective assistance of counsel.
In a written order dated December 1, 1989, the circuit court found that the appellant was barred from raising issues 1, 2, *Page 128 
and 3 because those issues could have been raised on direct appeal. With regard to issue 4, the circuit court found that the appellant "failed to state a claim."
After an evidentiary hearing on the issue of the ineffective assistance of counsel, the circuit court found that "the proof offered here is utterly insufficient to show the Defendant is entitled to relief under Rule 20." In a written order dated June 14, 1990, the court found that the appellant "has failed to carry his burden of proof on the issue of ineffective assistance of counsel."
 I.
Through appointed counsel, the appellant contends that the circuit court committed reversible error in refusing to allow him 1) to amend his petition and 2) to present evidence that appointed trial counsel was ineffective because he had a conflict of interest.
With regard to the matter of the conflict of interest, the petition for post-conviction relief contained only the single statement "that the allegation of ineffective assistance of counsel includes issues of the attorney's conflict of interest." Appellant's counsel candidly recognizes that "[a] bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Rule 20.6(b), A.R.Crim.P.Temp. (now Rule 32.6(b), A.R.Crim.P.). See also Stephens v. State,420 So.2d 826, 828 (Ala.Cr.App. 1982).
The petition was filed November 21, 1989. On December 1, 1989, the petition was set for hearing on January 12, 1990, and counsel (Tom Smith) was appointed to represent the petitioner. On January 10, 1990, different counsel (Gene Spencer) filed an entry of appearance stating that he (Gene Spencer) had been retained to represent the petitioner. The hearing was then continued from time to time (three times on motion of the petitioner and once on motion of the district attorney) until June 15, 1990, at which time the hearing was held. On that day, June 15, 1990, the petitioner's retained counsel filed a "motion to amend petition for relief from conviction of sentence." That attempted amendment alleged the following additional instances of trial counsel's alleged ineffectiveness: 1) counsel failed to examine the expert witness as to his qualifications as an expert; 2) counsel failed to object to the trial court's charge to the jury that there was no controversy as to the second element of the offense; 3) there was an actual conflict of interest because trial counsel was representing the petitioner and the two alleged victims at the same time; and 4) counsel was ineffective because the two cases were consolidated without notice to the petitioner, and because counsel failed to file a motion requiring the State to elect on which particular offense it would proceed. The circuit court refused to allow the amendment.
At the evidentiary hearing, the appellant attempted to testify to the alleged conflict of interest of his trial counsel. The circuit court sustained the State's objection and stated: "I have ruled that that phase of the motion would not [have] been an allowable amendment, because it is a matter of record that has been dealt with on appeal and is procedurally barred. . . . It is also stated that that matter appears of record in the trial transcript. And, if so, could have been tested on appeal and is procedurally barred."
Rule 20.7(b), A.R.Crim.P.Temp. (now Rule 32.7(b), A.R.Crim.P.), provides that "[a]mendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment." "[A]n attorney who is appointed after a defendant has filed a pro se petition should be allowed to amend the petition prior to the hearing if a legitimate issue arises that differs in substance from the allegations made by the defendant in the original petition." Ex parte Stringfellow,565 So.2d 147, 150 (Ala. 1990).
In this case, the appellant's retained counsel had five months in which to file an amended petition. Instead, the attempted amendment was filed, without excuse or justification, on the same day on which the evidentiary hearing was held. Moreover, the appellant obviously had knowledge of *Page 129 
this alleged conflict of interest because he testified at the evidentiary hearing that he knew his trial counsel was representing the victims because it was in the transcript of his trial.[1] Under these circumstances, we find no abuse of discretion of the circuit court in denying the amendment. " 'Courts may properly refuse permission to amend . . . where there is no showing of diligence or that the facts were unknown to the applicant prior to his application.' " Cochran v. State,548 So.2d 1062, 1075 (Ala.Cr.App.), cert. denied, 493 U.S. 900,110 S.Ct. 259, 107 L.Ed.2d 208 (1989). Here there was no exercise of any diligence and the facts were known to the appellant at the time of trial.
We find no error in the denial of the petition on the ground of ineffective assistance of counsel. The appellant failed to show that counsel was ineffective under the test ofStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984).
In addition to the brief filed by his retained appellate counsel, the appellant has filed a pro se brief in which he raises the additional issues addressed below. The appellant's pro se brief is highly confusing and difficult to comprehend because of the manner in which the brief is written. Further, a substantial portion of the arguments contained therein are not supported by the record.
 II.
The circuit court did not err in requiring the appellant to "proceed either pro se or by counsel" in connection with the postconviction proceedings. "This court has held repeatedly that an individual does not have a right to hybrid representation. . . . Rather, the decision to permit a defendant to proceed as co-counsel rests in the sound discretion of the trial court." Cross v. United States,893 F.2d 1287, 1291-1292 (11th Cir.), cert. denied, ___ U.S. ___,111 S.Ct. 138, 112 L.Ed.2d 105 (1990). See also Ex parte Ford,515 So.2d 48, 51 (Ala. 1987), cert. denied, 484 U.S. 1079,108 S.Ct. 1061, 98 L.Ed.2d 1023 (1988).
 III.
With regard to the alleged illegal sentence, the petitioner simply asserts that "the proof adduced at trial was a Class A misdemeanor and not a Class C felony on the two counts by the two separate indictments." The petitioner has also submitted the unverified "affidavits" of 11 registered voters and residents of Houston County stating: "I have knowledge of similar trials and in the trial of Kenneth Whitehead I believe that the outcome was not uniform to other such trials and punishments as applied to others, in that the outcome of said case was given harsher treatment, in a more selective manner of applying an unequal protection of the law to Kenneth Whitehead."
The crime of sexual abuse in the first degree is a Class C felony. Ala. Code 1975, § 13A-6-66(b). A criminal defendant alleging an equal protection violation in sentencing has the burden of proving "the existence of purposeful discrimination."McCleskey v. Kemp, 481 U.S. 279, 292, 107 S.Ct. 1756, 1767,95 L.Ed.2d 262 (1987). The appellant has failed to satisfy this burden. See Rickett v. Jones, 901 F.2d 1058, 1059-60 (11th Cir. 1990).
 IV.
Apparently, the petitioner's newly discovered evidence consists of unverified "affidavits" from Charles Gregory, Judy *Page 130 
Gregory, and Debbie Kirkland, that the district attorney threatened and coerced the two child-victims into testifying against the appellant. There was no showing why this evidence could not have been presented at trial. The "rigidly enforced . . . rule" is that "as a prerequisite for a new trial on newly discovered evidence, the defendant must not be at fault; that is, he must show due diligence." Davis v. State, 245 Ala. 589,590, 18 So.2d 282, 284 (1944).
Attached to the appellant's brief on appeal are the verified affidavits of the victims, C.M. and A.M., to the effect that they perjured themselves at trial and that the appellant never sexually abused them in any manner. These documents were not offered into evidence before the circuit court and are not contained in the record on appeal.
"Rule 10(f), Alabama Rules of Appellate Procedure, does allow the record on appeal to be supplemented, but only to include matters which were in evidence at the trial level and inadvertently omitted from the record on appeal. This rule was never intended to allow matter to be included in the record on appeal which was not before the trial court." Richburg v.Cromwell, 428 So.2d 621, 622 (Ala. 1983). "This rule was designed to provide a vehicle for correcting the record on appeal to reflect what actually occurred in the trial court. It was not designed to provide a procedure for substituting one judgment for another." Farmer v. Jackson, 553 So.2d 550, 552
(Ala. 1989).
 V.
The appellant argues that the circuit court committed error in denying his request for subpoenas for the two victims and for his trial counsel. The record does not show that the appellant ever requested that his trial counsel be subpoenaed. With regard to the victims, the record shows only that defense counsel subpoenaed the children, that the victims were in the custody of the Department of Human Resources, that DHR "just got" the subpoena on the day of the hearing, and that the victims were, at the time of the hearing, located in the State of Washington. Under these circumstances, the appellant has failed to show any error. Furthermore, we note that Rule 20.4, A.R.Crim.P.Temp. (now Rule 32.4, A.R.Crim.P.), specifically authorizes the use of depositions in the sole discretion of the court. Temporary Rule 20.9(a) (now Rule 32.9(a)) authorizes the use of affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing.
 VI.
The appellant's challenge to the validity of the arrest warrant is procedurally barred by Rule 20.2(a)(5), A.R.Crim.P.Temp. (now Rule 32.2(a)(5), A.R.Crim.P.), because it could have been raised on direct appeal.
 VII.
Temporary Rule 20.9(d) (now Rule 32.9(d)) requires the trial court to "make specific findings of fact relating to each material issue of fact presented" at the evidentiary hearing. The appellant has waived this issue by not raising it in circuit court. Furthermore, most of the evidentiary hearing involved bare allegations by the appellant and not real issues of fact.
For the above reasons, the judgment of the circuit court denying the petition for post-conviction relief is affirmed.
AFFIRMED.
All Judges concur.
[1] The specific facts constituting the alleged conflict of interest are never set forth with any degree of particularity in the record or in the briefs on appeal. On some occasions the allegation is made that counsel was representing the victims at the time of the trial. However, in the appellant's pro se brief filed in this court on January 24, 1991, the following statement appears at p. 4: "The trial court in R-16 denied the petitioner the right to bring the issue of conflict of interest into the hearing, with the previous attorney representing the victims of this case in a prior incident. . . ." Thus, this court cannot determine whether the appellant is alleging that trial counsel had represented the victims in some unrelated case of an uncertain nature in the past or whether counsel was still representing the victims at the time of the appellant's trial. "The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle him to relief." Rule 20.3, A.R.Crim.P.Temp. (now Rule 32.3, A.R.Crim.P.).