PER CURIAM.
Joseph Drayton, Jr., the appellant, was indicted for robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975. The jury found the appellant guilty as charged in the indictment, and he was sentenced to life imprisonment as a habitual offender.
Kathy Klingensmith testified that she was working as a cashier at the Hobo Pantry Store in Dothan, Alabama, on July 19, 1990. That day, the appellant and two other men entered the store and the appellant picked up a 12-pack of beer. The appellant walked up to the counter with the beer and asked Klingensmith for a package of BC headache powder. As Klingensmith started to ring up the purchases, one of the men with the appellant took a gun out and told the appellant to open the cash register. The man with the gun threatened to shoot Klingensmith if the appellant did not open the cash register. After the appellant failed to successfully open the cash register, Klingensmith was allowed to open the register. Klingensmith opened the register and the men took $122 in cash. A statement by the appellant admitting his involvement in the robbery was admitted into evidence.
The appellant testified that he had picked up the two men who were involved in the robbery shortly before they went to the Hobo Pantry Store. He stated that he did not know these men well. The appellant testified that he was going to the store to buy beer and that he had no intention of robbing the store but that he did so only because he was afraid one of the men might shoot him if he did not participate.
The appellant further testified that when he was apprehended later that night, the police officers hit him in the mouth and threw him down some stairs. He stated that the handcuffs placed on him were so tight that they left scars. He stated that at the police station, one of the officers had threatened him and that this officer had hit him in the face. The appellant said that he had made his statement because of this coercion. He further testified that two paramedics were present at the police station during the time that this police officer cursed and hit him.
The appellant contends that the trial court erred in overruling his objection to the prosecutor’s question to the appellant regarding the appellant’s failure to call cer *52 tain witnesses. The following portion of the record is relevant to this issue:
“Q. Okay. Yet these, whatever you’ve got on your wrists, they occurred this time?
“A. That’s correct. That’s correct.
“Q. Now, did you subpoena any paramedics to come here and talk about these cuts and bruises that you had on your hands that time?
“MR. MEYERS: [defense counsel] Judge, I object to that.
“THE COURT: Overruled.
“A. No.
“Q. Yet you’re saying there were paramedics standing right there.
“A. There was paramedics, but I didn’t subpoena none of them.” (R. 159.)
The appellant also filed a written requested charge asking the trial court to charge the jury that a party cannot comment on the failure of the opposing party to call a witness who is available to both sides. This charge was refused. Davis v. State, 494 So.2d 851, 856 (Ala.Crim.App.1986). Here, it is clear that the paramedics were equally available to both sides. Further, there is no evidence that the paramedics would have been biased towards the appellant. Thus, clearly the prosecutor’s question to the appellant was an improper comment on the appellant’s failure to call the paramedics as witnesses.
“The general rule is that ‘one party may not comment unfavorably on the other party’s failure to produce a witness supposedly unfavorable to that party if the witness is equally available to both sides.’ Hunt v. State, 453 So.2d 1083, 1087 (Ala.Cr.App.1984). See also C. Gamble, McElroy’s Alabama Evidence § 191.01(1) (3d ed. 1977). Miller v. State, 431 So.2d 586 (Ala.Cr.App.1983); Ball v. State, 409 So.2d 868 (Ala.Cr.App.1979), writ quashed, 409 So.2d 876 (Ala. 1980). ‘Availability’ is determined first by testing the other party’s superior knowledge of the existence and identity of the absent witness; second, by the question of whether the relationship between the absent witness and the other party would reasonably be expected to bias the witness’s testimony toward the other party. Hunt v. State, supra; McMorris v. State, 394 So.2d 392 (Ala.Cr.App.1980), cert. denied, 394 So.2d 404 (Ala.), cert. denied, 452 U.S. 972, 101 S.Ct. 3127 [69 L.Ed.2d 983] (1981); Henry v. State, 355 So.2d 411 (Ala.Cr.App.1978).”
While the appellant’s objection to the prosecutor’s question was general and general objections are usually insufficient to preserve error on appeal, there are instances when a general objection will be sufficient to preserve error.
“Properly interpreted, the most popular and current test would seem to be as follows: A general objection if overruled is sufficient to present for review on appeal the point that the evidence admitted was violative of a specific rule if such evidence is illegal and, according to the common probabilities of experience, there is a fair likelihood that such evidence cannot be made legal by the introduction of other evidence or by otherwise framing the inquiry made to the witness.”
C. Gamble, McElroy’s Alabama Evidence § 426.01(10) (3d ed. 1977) (quoted with approval in Turner v. State, 410 So.2d 458, 462 (Ala.Crim.App.1981)). In the case at bar, the prosecutor’s question was clearly illegal, and there is no way that the question could have been framed in any other way to make it legal. At the least, the trial judge should have given the appellant's requested jury charge on this subject.
The judgment of the trial court is reversed and this cause is remanded to the trial court.
REVERSED AND REMANDED.
All the Judges concur.