David L. Lucas appeals the circuit court's summary denial of his petition for post-conviction relief filed pursuant to Ala.R.Crim.P. 32. In his petition, Lucas alleges two grounds for relief: that his trial counsel was ineffective and that the warrant for his arrest was not supported by probable cause. The circuit court's case action summary shows that, on December 12, 1997, it denied the petition on the ground that it was precluded by the two-year limitations period of Rule 32.2(c), which states, in pertinent part, that
 "the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two Years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, A.R.App.P.".
This court issued the certificate of final judgment of affirmance of Lucas's direct appeal on November 17, 1995; thus, Lucas had two years from that date in which to file his petition.
Lucas argues in his pro se brief to this court that it was error to deny his petition on the ground that it was precluded by the two-year limitations period because, he says, he mailed the petition on November 14, 1997, before the period expired. He correctly points out that Alabama follows the holding inHouston v. Lack, 487 U.S. 266, 108 S.Ct. 2379,101 L.Ed.2d 245 (1988), that "a pro se incarcerated petitioner `files' a Rule 32 petition when he hands the petition over to prison authorities for mailing." Ex parte Powell,674 So.2d 1258 (Ala. 1995), quoting Holland v. State,621 So.2d 373, 375 (Ala. Crim.App. 1993). In his brief to this court, Lucas attached copies of a certified mail receipt dated November 14, 1997, and a return receipt showing the date of delivery to the Jefferson Circuit Court clerk as November 18, 1997. However, as the state argues, this court cannot rely on evidence offered in briefs to the court, but may only rely on evidence in the record.
 "[E]xhibits attached to a brief are not evidence and cannot be considered by this Court on appeal. Huff v. State, 596 So.2d 16, 19 (Ala.Cr.App. 1991). `"This Court is bound by the record [on appeal] and may not consider asserted facts which cannot be ascertained [from] that record.'" Bush v. State, 616 So.2d 394, 395 (Ala.Cr.App. 1993) (quoting Richie v. State, 481 So.2d 454, 455(Ala.Cr.App. 1985))."
Riddle v. State, 669 So.2d 1014, 1016-17(Ala. Crim.App. 1994). The state further argues that the record does not support a conclusion that Lucas mailed his petition before the expiration of the limitations period.
In reviewing the record, we note that on November 11, 1997, Lucas executed and attached to his petition a "Verification Under Oath" that the contents of the petition were true and correct. The verificationwas sworn before a notary public. On page 7 of the petition, we find the following: "What date is this petition being mailed: 12 November 1997." We find nothing in the record to refute that the petition was handed over to be mailed and/or mailed on that date. Because it appears that the petition was mailed before the limitations period expired, we reverse the circuit court's judgment denying the petition, and remand the case to the circuit court for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-1810(e), Ala. Code 1975. REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, COBB, BROWN,and BASCHAB, JJ., concur.
 *Page 678