Anthony Miles appeals from the circuit court's dismissal of his postconviction petition, Ala.R.Crim.P. 32. In that petition, he contested the validity of his 1997 conviction for the capital murder of an employee of a Kentucky Fried Chicken restaurant ("KFC") during a robbery. He was sentenced to life imprisonment without the possibility of parole. His conviction and sentence were affirmed on appeal. Miles v. State,715 So.2d 913 (Ala.Crim.App. 1997).
The attorney general asserts that the circuit court correctly found that the issues presented in Miles's Rule 32 petition were barred from the circuit court's consideration because the two-year limitations period had expired. See Rule 32.2(c). He correctly points out that the certificate of final judgment was issued by this court on May 22, 1998, and that Miles's Rule 32 petition was filed with the circuit clerk on May 23, 2000. However, Miles, in his verified petition, asserted that he mailed his petition on May 22, 2000. (His certificate of service also reflects this date.) Alabama follows the rule that an incarcerated petitioner acting pro se "files" a post-conviction petition when he hands it over to prison authorities for mailing. Lucas v. State, 722 So.2d 822
(Ala.Crim.App. 1998). Applying this rule, we find that Miles filed his petition within two years after the issuance of the certificate of judgment. Miles's claims are not barred from the circuit court's consideration by Rule 32.2(c).
Thus, we turn to the claims in Miles's petition.[1] Miles alleged that his trial counsel was ineffective for failing to adequately object to, under Batson v. Kentucky, 476 U.S. 79 (1986), the prosecutor's use of peremptory strikes to eliminate nine black veniremembers. He argued that the prosecutor struck three black females because they had had prior misdemeanor convictions, but that he did not strike any similarly situated white female. Miles also asserted that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in this regard. Miles further alleged that trial counsel was ineffective for failing to raise, in a motion for a new trial, the trial court's denial of a motion for a mistrial based on the prosecution's withholding of exculpatory evidence.[2] Miles also asserted that appellate counsel was ineffective for failing to argue the trial counsel's ineffectiveness in this regard *Page 832 
and, also, for failing to argue that the trial court had abused its discretion in not making a clear ruling on the mistrial motion, in disallowing the exculpatory testimony, and in not granting the mistrial. Miles also alleged that trial counsel was ineffective for failing to move to exclude, pursuant to the Fourth and Fifth Amendments, testimony of Miles's conversation in his residence with Rickey Braxton, who at that time was in jail for the robbery of, and a shooting at, a fast-food restaurant. He alleged that his incriminating statements, transmitted to a law enforcement officer, were deliberately elicited by Braxton. Finally, Miles alleged that appellate counsel was ineffective for failing to assert trial counsel's alleged ineffectiveness in this regard.
In its order dismissing Miles's petition, the circuit court set out the applicable law, declared that Miles failed to meet the burden ofStrickland v. Washington, 466 U.S. 668 (1984), and implied that trial counsel's actions or counsel's failure to act was strategic. The court addressed specifically only the claim that trial counsel had failed to present an adequate Batson claim: it found that Miles had not shown that the circumstances presented a prima facie case of purposeful discrimination. (Yet Miles alleged that the prosecutor had not struck whites similarly situated to the three black females he struck based on their prior misdemeanor convictions.) The State, in its response to Miles's petition, did not specifically address each claim, but asserted generally that Miles's claims were not supported by sufficient facts. The record before this court does not present sufficient facts for this court to conclude that the circuit court's general findings were correct. Thus, we remand for further consideration of Miles's petition.
In so ruling, we also find that the circuit court should also consider the claims Miles raised in, at least, the first of the two amendments to his petition. The circuit court, in its order dismissing Miles's petition, stated that it had granted Miles's motion to amend on June 21, 2000, and had given Miles 30 days to file any amendment, but that it had not received any amendment as of August 1, 2000 — the date of its order. The case action summary indicates that notice of the court's granting of Miles's motion to amend and of the 30-day deadline was not mailed to Miles until June 28. Miles's first amendment is included in the record and stamped as filed on July 31. In this amendment, however, Miles stated that he was mailing it on July 21. Attached to this amendment is an affidavit by James A. Allen (see note 1), dated July 25, 2000. Taking either July 21 or July 25 as the date Miles mailed his amendment, we find that the amendment was "filed" within 30 days of June 28, the date notice of the court's deadline was mailed.[3]
Moreover, the present record shows no valid ground for disallowing, at least, Miles's first amendment.
 "[T]he circuit court is within its discretion in refusing to consider [a petitioner's] motion to amend his petition so long as disallowance of the amendment is `based upon some valid ground, such as actual prejudice or undue delay,' *Page 833 Cochran v. State, 548 So.2d 1062, 1075 (Ala.Cr.App.), cert. denied, 493 U.S. 900 . . . (1989). A court may refuse permission to amend where there is no showing of diligence or no showing that the underlying facts were unknown to the petitioner before filing his petition. Whitehead v. State, 593 So.2d 126
(Ala.Cr.App. 1991); Cochran. See also Rule 32.7(b) (`[a]mendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment') and Rule 32.7(d) (`[l]eave to amend shall be freely granted')."
Harper v. State, 676 So.2d 949, 951 (Ala.Crim.App. 1995).[4]
One of the claims in Miles's first amendment is that appellate counsel was ineffective for not raising trial counsel's ineffectiveness in failing to preserve the alleged impropriety of the following comment by the prosecutor during cross-examination of Miles: "And I bet Tyrell [Miles's friend] is nowhere to be found. Where is Tyrell?" 715 So.2d at 917. Evidently, Miles claimed to have gone to Tyrell's house after leaving KFC on the night of the robbery-murder. Appellate counsel raised the underlying substantive issue — whether the prosecutor's comment and question improperly shifted the burden of proof to the defense — and the appellate court held that trial counsel had failed to timely preserve the issue. Id. In so holding, the appellate court noted that Miles had asserted that Tyrell was available as a witness to both parties and that caselaw prohibits one party from unfavorably commenting on the other party's failure to produce a witness supposedly favorable to that party if the witness is equally available to both sides. Id. Seegenerally 2 Charles W. Gamble, McElroy's Alabama Evidence § 191.01 (5th ed. 1996). See also, e.g., Drayton v. State, 596 So.2d 51
(Ala.Crim.App. 1991) (the prosecutor's cross-examination of the defendant as to whether the defense had subpoenaed paramedics who had allegedly seen a police officer's cursing and hitting the defendant, to which the defendant interposed a general objection, was reversible error; it was an improper comment on failure to call a witness, where the paramedics were equally available to both parties); Davis v. State, 494 So.2d 851, 856
(Ala.Crim.App. 1986) (the prosecutor's question on his cross-examination of the defendant — "We don't know about all these people. Where is the lady that he rented from to come down here and testify about it?" — was improper where the evidence showed that the police questioned the uncalled witness shortly after the robbery and there seemed to be no indication that she was biased toward the defendant).
Whether appellate counsel was ineffective in not arguing trial counsel's ineffectiveness for failing to preserve an issue for review on appeal turns on determining whether reversible error would have been presented had the issue been preserved. Assuming the comment under review is in fact an "uncalled witness" comment, the crucial determination is: what did the evidence show in regard to the "availability" of the uncalled witness? See Davis v. State. Such a comment may not have been improper if the evidence before the trial court indicated that the uncalled witness was hostile to or would have been biased against the commenting party. 2 C. Gamble, supra at § 191.01(4)(a). Moreover, the comment may not have been improper if the uncalled witness was an alibi witness, i.e., "[i]f it appear[ed] that the accused ha[d] superior knowledge of *Page 834 
the existence, identity, location and expected testimony of a possible alibi witness." Daniels v. State, 650 So.2d 544, 560 (Ala.Crim.App. 1994). If either of the above exceptions was present, the uncalled witness would not have been equally available to the prosecution.
Based on the foregoing, this cause is remanded for further proceedings. The State is to file a response to each claim acknowledged by the circuit court. Thereafter, the court, if necessary, may conduct an evidentiary hearing. In the event the circuit judge has personal knowledge of the facts underlying any of Miles's allegations, e.g., if he observed the events that serve as a basis for any of the ineffective counsel claims, he may deny those claims without further proceeding, so long as he states the specific facts and reasons for the denial. SeeHarper v. State, 676 So.2d 949 (Ala.Crim.App. 1995). In either event, the circuit court shall make specific findings as to each allegation. All necessary action shall be taken to see that the circuit clerk makes due return to this court at the earliest possible time and within 63 days of the release of this opinion.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REMANDED WITH INSTRUCTIONS.
McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur; Baschab, J., concurs in the result.
[1] Although holding that the petition was barred by the limitations period, the circuit court reviewed the merits of the petition, noting: "In the interest of completeness, however, Petitioner's Petition is fully addressed in this order."
[2] The alleged exculpatory evidence was the statement of James A. Allen naming two individuals who had invited him, before the capital murder, to participate in a robbery at the KFC; he stated that the two individuals came to his residence on the night of the robbery-murder and professed to having just robbed and murdered the manager of the Hueytown KFC; and he stated that, during this latter visit, the two showed him about $ 1,000 and two pistols, "a 9mm or .380 and a .32 revolver."
[3] In finding that the circuit court should consider Miles's first amendment as having been "filed" within the 30-day deadline, we are to be understood that this holding will not apply on remand if additional facts on remand establish that the amendment was not timely "filed."
In regard to Miles's second amendment, we note that it was filed on September 13, 2000, more than a month after the circuit court's order of dismissal.
[4] Of course, additional considerations might be presented on remand that would support the circuit court's finding of a valid reason upon which to disallow either amendment or both amendments.