CRAWLEY, Judge,
concurring in part and dissenting in part.
Although I concur in affirming the dismissal of N.H.’s action against Norris because of N.H.’s failure to perfect service on Norris, I must dissent from affirming the dismissal of N.H.’s action against Vick-ers. The trial court ordered N.H. to file a motion for a default judgment within 30 days of its order, that is, by April 30, 2002. From what appears in the record, N.H., who is incarcerated, placed the motion in the prison mail system on April 30, 2002. Unlike the main opinion, I would hold that the “mailbox rule” set out in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), applies to N.H.’s filing of his motion for default judgment pursuant to Rule 55, Ala. R. Civ. P. See Ex parte Allen, 825 So.2d 271 (Ala.2002); Miles v. State, 845 So.2d 830 (Ala.Crim.App.2001).
Indeed, Ex parte Allen, which involved the issue whether an amendment to a Rule 32, Ala. R.Crim. P., petition was filed on the date it was placed in the prison mail system, held that the “mailbox rule” did not apply to the amendment because Rule 32 imposed no deadline on such amendments. Ex parte Allen, 825 So.2d at 273. However, our supreme court recognized that the Court of Criminal Appeals had already decided that the “mailbox rule” did apply to an amendment to a Rule 32 petition where the trial court had imposed a deadline for its filing. Ex parte Allen, 825 So.2d at 272-73 (citing Miles v. State, 845 So.2d 830 (Ala.Crim.App.2001)). In fact, the precise holding of Ex parte Allen states: “We hold that the mailbox rule does not apply to motions to amend Rule 32 petitions where the trial court has not established a deadline for filing the amendment.” Ex parte Allen, 825 So.2d at 273 (emphasis added).
*457 A review of the Court of Criminal Appeals’ opinion in Allen v. State, 825 So.2d 264, 270 (Ala.Crim.App.2001), further supports my conclusion that the mailbox rule should be applied to this case. The court discussed the underlying rationale for the mailbox rule as first set out in Houston v. Lack — the inability of a pro se prisoner to monitor or ensure the timely delivery of documents within a given deadline. Allen v. State, 825 So.2d at 267 (quoting Houston v. Lack, 487 U.S. at 270-72, 108 S.Ct. at 2382-83). Then, explaining why it had concluded that Allen’s Rule 32 amendment was not filed on the date he placed it in the prison mail system when, in prior cases, Rule 32 amendments had been subject to the mailbox rule, the court stated:
“In both Miles and Talley [v. State, 802 So.2d 1106 (Ala.Crim.App.2001) ] the petitioners were faced with time deadlines, albeit imposed by the court rather than by a procedural rule or statute; thus, requiring the circuit courts in those cases to consider the amendments filed by the petitioners within the time imposed by the court was consistent with those cases cited above dealing with the initial filing of petitions, notices of appeal, and petitions for a writ of certiora-ri.”
Allen v. State, 825 So.2d at 270 (emphasis added). Accordingly, I would reverse the trial court’s dismissal of N.H.’s action against Vickers and remand this case to the trial court with instructions that it consider N.H.’s motion for a default judgment.