900 So.2d 443 (2004)
Walter Lee RHONE, Jr.
v.
STATE of Alabama.
CR-02-0493.
Court of Criminal Appeals of Alabama.
January 30, 2004.
Rehearing Denied March 19, 2004.
*445 Walter Lee Rhone, Jr., pro se.
William H. Pryor, Jr., and Troy King, attys. gen., and Yvonne A.H. Saxon, asst. atty. gen., for appellee.
WISE, Judge.
Walter Lee Rhone, Jr., appeals from the circuit court's denial of his petition for postconviction relief, filed pursuant to u e 32, Ala.R.Crim.P. In 1999, Rhone was convicted of capital murder; he was sentenced to life imprisonment without the possibility of parole. On September 22, 2000, this Court affirmed Rhone's conviction on direct appeal, by unpublished memorandum. See Rhone v. State (No. CR-99-0011), 814 So.2d 1011 (Ala.Crim.App.2000) (table). A certificate of judgment was issued on October 10, 2000.
On June 17, 2002, Rhone filed a Rule 32 petition, seeking relief from his 1999 conviction and sentence.[1] As grounds for relief, he alleged: (1) that he was denied effective assistance of counsel at trial and on appeal, based on counsel's failure to assert a claim that certain evidence admit by the State during his trial was obtained as the result of an illegal arrest and, therefore, should have been suppressed;[2] (2) that he was denied effective assistance of counsel at trial and on appeal based on counsel's failure to object to the prospective jurors' not being sworn before voir dire examination; and (3) that he was denied effective assistance of counsel at trial and on appeal based on counsel's failure to assert a claim that the trial court had abused its discretion by overruling an objection to the prosecutor's mention of statements made by Rhone to law-enforcement officials reflecting that he had other pending felony charges. On August 14, 2002, Rhone filed a motion to amend his petition; the amended petition presented additional grounds to support his ineffective-assistance-of-counsel claims, as well as several claims of error on the part of the trial court. Rhone's motion to amend offered no explanation as to why the court should grant his motion to amend the Rule 32 petition. The court entered no ruling on Rhone's motion to amend.
The State filed a response to Rhone's Rule 32 petition on September 30, 2002; the response addressed only the allegations in Rhone's original petition. On October 28, 2002, the circuit court issued a written order denying Rhone's petition. The circuit court's order addressed only those claims asserted in Rhone's original petition. The court's order made no mention of the claims contained in the proposed amendment to the petition. On November 18, 2002, Rhone filed a motion to alter, amend, or vacate the circuit court's order. Rhone's motion requested that the *446 court grant his previously filed motion to amend the Rule 32 petition and that the court address the claims raised in the amendment to the petition. The court denied Rhone's motion. On December 6, 2002, Rhone filed a notice of appeal.
On appeal, Rhone presents 15 issues for review. However, because several of the issues address closely related matters, the issues have been consolidated for purposes of appeal.

I.
Rhone argues in parts II, III, and IV of his brief that the circuit court erred in rejecting his claims of ineffective assistance of trial and appellate counsel.
To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Ex parte Lawley, 512 So.2d 1370, 1372 (Ala.1987). "The performance component outlined in Strickland is an objective one: that is, whether counsel's assistance, judged under `prevailing professional norms,' was `reasonable considering all the circumstances.'" Daniels v. State, 650 So.2d 544, 552 (Ala.Crim.App.1994) (quoting Strickland, 466 U.S. at 688, 104 S.Ct. 2052). "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690, 104 S.Ct. 2052. In a Rule 32 proceeding, the petitioner has "the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief" Rule 32.3, Ala.R.Crim.P. See Fortenberry v. State, 659 So.2d 194 (Ala.Crim.App. 1994); Elliott v. State, 601 So.2d 1118 (Ala. Crim.App.1992).
When reviewing a claim of ineffective assistance of counsel, this Court indulges a strong presumption that counsel's conduct was appropriate and reasonable. Hallford v. State, 629 So.2d 6 (Ala.Crim.App.1992); Luke v. State, 484 So.2d 531 (Ala.Crim. App.1985). Moreover, this Court avoids using "hindsight" to evaluate the performance of counsel. Instead, we consider the circumstances surrounding the case at the time of counsel's actions before determining whether the assistance counsel rendered was ineffective. Hallford, 629 So.2d at 9; see also, e.g., Cartwright v. State, 645 So.2d 326 (Ala.Crim.App.1994).
A defendant is not entitled to an error-free trial, and the fact that trial counsel made a mistake is not sufficient to show that counsel's performance was ineffective. See Cosby v. State, 627 So.2d 1059 (Ala.Crim.App.1993). Moreover, the fact that trial counsel did not object at every possible instance does not mean that a defendant's counsel was incompetent. See O'Neil v. State, 605 So.2d 1247, 1250 (Ala. Crim.App.1992). Finally, an attorney is not required to raise every conceivable claim available at trial or on appeal in order to render effective assistance. Thomas v. State, 766 So.2d 860 (Ala.Crim. App.1998), aff'd, 766 So.2d 975 (Ala.2000); Holladay v. State, 629 So.2d 673 (Ala. Crim.App.1992).

A.
Rhone argues in part II of his brief that the evidence used at his trial should have been suppressed because, he says, it was obtained as the result of an illegal arrest, and that counsel's failure to raise this issue denied him effective assistance of trial and appellate counsel.
*447 To the extent that Rhone contends that his counsel was ineffective for failing to raise this issue at trial, his claim is without merit. An examination of the record in Rhone's direct appeal[3] reveals that counsel did, in fact, file a motion to suppress the challenged evidence, and that motion was denied. Thus, the circuit court correctly denied Rhone's petition for relief on this ground. Moreover, the fact that counsel elected not to raise this issue on appeal does not signify that counsel's performance was unreasonable. We note that on direct appeal counsel briefed 16 substantive issues and this Court addressed those issues in its unpublished memorandum affirming Rhone's conviction. As this Court noted in Thomas v. State, supra, 766 So.2d at 876:
"The United States Supreme Court has recognized that `[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.' Jones v. Barnes, 463 U.S. [745,] at 751-52, 103 S.Ct. 3308, 77 L.Ed.2d 987 [(1983)]. Such a winnowing process `far from being evidence of incompetence, is the hallmark of effective advocacy.' Smith v. Murray, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). Appellate counsel is presumed to exercise sound strategy in the selection of issues most likely to afford relief on appeal. Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993), cert. denied, 510 U.S. 984, 114 S.Ct. 487, 126 L.Ed.2d 437 (1993). One claiming ineffective appellate counsel must show prejudice, i.e., the reasonable probability that, but for counsel's errors, the petitioner would have prevailed on appeal. Miller v. Keeney, 882 F.2d 1428, 1434 and n. 9 (9th Cir.1989)."
Counsel's decision regarding which issues to raise on appeal was a strategic decision. "Strategic choices made after a thorough investigation of relevant law and facts are virtually unchallengeable." Ex parte Lawley, supra, 512 So.2d at 1372. The fact that Rhone disagreed with his counsel's decision on which issues to raise on appeal is insufficient to render counsel's performance ineffective. See Patrick v. State, 680 So. 2d 959, 962 (Ala.Crim.App.1996). Based on our review of the record, we conclude that Rhone failed to establish that his counsel was ineffective for failing to raise this issue. Therefore, the circuit court correctly determined that Rhone was not entitled to relief on this claim.

B.
Rhone argues in part III of his brief that he was denied effective assistance of trial and appellate counsel based on counsel's failure to object to the prospective jurors not being sworn prior to voir dire examination and failure to raise the issue on appeal. Our review of the record reveals that the State's response to Rhone's claim included an affidavit from the circuit clerk, indicating that the clerk had, in fact, administered the statutorily mandated oath to the prospective jurors before voir dire examination. (C. 314.) Thus, there was no basis for raising this claim either at trial or on appeal. Counsel is not ineffective for failing to raise an issue for which there is no legal basis. See Bedwell v. State, 710 So.2d 493, 497 (Ala.Crim.App.1997). Accordingly, the circuit court correctly denied relief as to this claim.

*448 C.
Rhone argues in part IV of his brief that the trial court abused its discretion by overruling his objection at trial to the prosecutor's mention of the statements made by him to law enforcement; those statements, Rhone maintains, reflected that he had prior pending felonies, and he contends that he was denied effective assistance of trial and appellate counsel based on counsel's failure to assert this claim I at trial and to raise it on appeal.
Contrary to Rhone's claim, our review of the record of Rhone's direct appeal reveals that this claim was raised both at trial and on direct appeal. This Court determined that the claim did not warrant reversal. Thus, counsel was not ineffective for failing to raise this issue. Moreover, because we rejected the merits of the underlying substantive claim, Rhone has failed to establish either prong of the Strickland test.

II.
Rhone argues in part V of his brief that the circuit court abused its discretion in failing to rule on his motion to amend the Rule 32 petition.
Rule 32.7(b), Ala.R.Crim.P., provides that "[a]mendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment." Rule 32.7(d), Ala.R.Crim.P., goes on to state that "[l]eave to amend shall be freely granted." Addressing the propriety of amendments to Rule 32 petitions, this Court, in Miles v. State, 845 So.2d 830 (Ala.Crim.App.2001), stated:
"`[T]he circuit court is within its discretion in refusing to consider [a petitioner's] motion to amend his [Rule 32] petition so long as disallowance of the amendment is "based upon some valid ground, such as actual prejudice or undue delay," Cochran v. State, 548 So.2d 1062, 1075 (Ala.Cr.App.), cert. denied, 493 U.S. 900, 110 S.Ct. 259, 107 L.Ed.2d 208 (1989). A court may refuse permission to amend where there is no showing of diligence or no showing that the underlying facts were unknown to the petitioner before filing his petition. Whitehead v. State, 593 So.2d 126 (Ala.Cr.App. 1991); Cochran.'"
845 So.2d at 832-33 (quoting Harper v. State, 676 So.2d 949, 951 (Ala.Crim.App. 1995)). Accord Makres v. State, 739 So.2d 1141, 1142 (Ala.Crim.App.1998); Neelley v. State, 642 So.2d 494, 497 (Ala.Crim.App. 1993).
It is unclear why the circuit court did not rule on Rhone's motion to amend his Rule 32 petition. However, given that Rhone failed to meet his initial burden of showing diligence in filing the amendment or that the facts underlying the amendment were unknown to him before filing his original petition, it is unnecessary to reach the question whether the court's disallowance of the amendment was based upon valid grounds. "The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief" Rule 32.3, Ala.R.Crim.P. Because Rhone failed to meet this burden, the circuit court did not abuse its discretion by not addressing the claims in the amendment to Rhone's petition.
The dissent seeks to remove from a petitioner this burden of pleading and proving entitlement to relief and, in doing so, would overrule more than a decade of well-established precedent, namely Cochran v. State, 548 So.2d 1062 (Ala.Crim. App.1989), and its progeny. Moreover, the dissent overreaches when it seeks to overrule the holding in Cochran. Although the State concedes that the circuit court abused its discretion by not accepting the amendment  a position rejected by this *449 Court  its concession effectively abrogates the necessity to overrule this line of cases.
The dissent's position, if adopted, would expand the scope of Rule 32.7(b) beyond that contemplated by the Alabama Supreme Court when it adopted Rule 32, Ala.R.Crim.P. Rule 32.7(b) provides: "Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment." (Emphasis supplied.) Thus, the plain language of Rule 32.7(b) creates no absolute right to amend a petition, only a conditional right, left to the sound discretion of the circuit court.
Here, it is readily apparent that all of the facts constituting the basis for the amendment were known before Rhone's original Rule 32 petition was filed. Moreover, Rhone's petition was filed more than a year after his conviction became final and a certificate of judgment was issued in his case  ample time in which to include all of the facts contained in the amendment. If this Court were to allow a petitioner the unfettered right to amend his Rule 32 petition  without first requiring any showing of diligence or a showing that the underlying facts were unknown to the petitioner before filing the petition  this Court would open a virtual Pandora's box. Such a decision would result in a flood of frivolous amendments to petitions, the consequence of which will be unnecessary delays in the resolution of meritorious claims, as well as the creation of yet more problems for an already overburdened and understaffed judicial system. There must be a point at which the claims presented to a court are sufficiently settled so as to allow a court to render a decision with some degree of finality.[4]
Because Rhone's motion to amend his Rule 32 petition failed to show that he acted with diligence in seeking to amend the petition or that the facts underlying the amendment were unknown to him at the time he filed the original petition, the circuit court did not abuse its discretion in not addressing the claims set out in Rhone's amendment to the Rule 32 petition.

III.
Rhone argues in parts VI through XV of his brief the merits of each of the additional claims set out in his amended petition. Because these claims were not first addressed by the circuit court, none of the claims are properly before this Court for review. See Kaska v. State, 740 So.2d 475, 477 (Ala.Crim.App.1998) (citing Cleveland v. State, 570 So.2d 855 (Ala. Crim.App.1990)) ("an appellant cannot raise issues on appeal from the denial of a Rule 32 petition that were not raised in the original Rule 32 petition").

IV.
Rhone argues that the circuit court abused its discretion when it summarily denied his petition without first conducting an evidentiary hearing.
Rhone's claim that he is entitled to an evidentiary hearing on his petition is without merit. Our review of the record reveals that the facts supporting the position of each party were fully set out in the record. See Humphrey v. State, 605 So.2d 848 (Ala.Crim.App.1992). Moreover, we note that the judge who presided over Rhone's Rule 32 petitions is the same judge who presided over his trial proceedings. *450 Thus, the trial court's findings are supported by the record on appeal and the by court's personal knowledge of the proceedings. See Sheats v. State, 556 So.2d 1094, 1095 (Ala.Crim.App.1989).
Rule 32.7(d), Ala.R.Crim.P., provides:
"If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition."
Because Rhone's claims were without merit, the trial court did not err in denying the petition without conducting an evidentiary hearing. See Cogman v. State, 852 So.2d 191, 193 (Ala.Crim.App.2002); Tatum v. State, 607 So.2d 383, 384 (Ala.Crim.App. 1992).
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
McMILLAN, P.J., and BASCHAB, J., concur. SHAW, J., concurs in part and dissents in part, with opinion, which COBB, J., joins.
SHAW, Judge, concurring in part and dissenting in part.
I agree with Parts I and IV of the majority's opinion; the circuit court correctly denied the claims in Rhone's Rule, 32, Ala.R.Crim.P., petition for postconviction relief. However, I disagree with Parts II and III of the opinion. I would grant the State's request and remand this case for the circuit court to accept Rhone's amendment to his Rule 32 petition and to rule on the claims in that amendment.
As the majority recognizes, Rule 32.7(b), Ala.R.Crim.P., provides that "[a]mendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment." However, Rule 32.7(d), Ala.R.Crim.P., provides, in pertinent part, that "[l]eave to amend shall be freely granted." (Emphasis added.) It is well settled that "[a]mendments to Rule 32 petitions, although discretionary with the trial court, should normally be freely allowed, if necessary for a full and fair determination on the merits." Allen v. State, 825 So.2d 264, 268 (Ala.Crim.App. 2001), aff'd, 825 So.2d 271 (Ala.2002)(emphasis added).
I recognize that all of the claims of trial-court error and grounds of ineffective assistance of counsel included in the amendment to Rhone's petition arose out of facts that were clearly known to Rhone when he filed his original petition. However, I disagree with the majority's blind reliance on a single sentence, originating from this Court's opinion in Cochran v. State, 548 So.2d 1062 (Ala.Crim.App.1989), and quoted in numerous subsequent cases, without regard for the context in which that sentence was written. The Court in Cochran stated that "`[c]ourts may properly refuse permission to amend ... where there is no showing of diligence or that the facts were unknown to the applicant prior to his application.'" 548 So.2d at 1075, quoting 61A Am.Jur.2d Pleading § 312, at 301 (1981). See also Miles v. State, 845 So.2d 830, 833 (Ala.Crim.App.2001); Makres v. State, 739 So.2d 1141, 1143 (Ala.Crim.App. 1998); Harper v. State, 676 So.2d 949, 951 (Ala.Crim.App.1995); Neelley v. State, 642 So.2d 494 (Ala.Crim.App.1993); and Whitehead v. State, 593 So.2d 126 (Ala. Crim.App.1991). The majority seizes upon this single sentence and applies it to the case at hand without consideration of the facts in Cochran or the context in which the statement was made. In doing so, I *451 believe, the majority has misinterpreted the holding in Cochran.
In Cochran, the petitioner filed his original petition on June 12, 1987, and filed an amendment to his petition on February 1, 1988. On February 18, 1988, a hearing was conducted on the petition and the amendment. At the conclusion of the hearing, after the circuit court had ruled adversely to the petitioner on his substantive claim regarding an alleged Batson[5] violation, he attempted orally to amend his petition with a claim that his appellate counsel had been ineffective for not raising the Batson claim on direct appeal. The circuit court refused to allow the amendment. This Court upheld that ruling, stating:
"Rule 20.7(b) of the Alabama Temporary Rules of Criminal Procedure reads as follows: `Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment.' (Emphasis added [in Cochran].) The clear import of the language used in Rule 20.7(b) is that a petitioner does not have an absolute right to amend his petition prior to the entry of judgment.
"`Amendments are to be freely allowed when justice requires.' Ex parte Tidmore, 418 So.2d 866, 868 (Ala.1982). `[A]mendments should be freely allowed and ... trial judges must be given discretion to allow or refuse amendments.... The trial judge should allow a proposed amendment if it is necessary for a full determination on the merits and if it does not unduly prejudice the opposing party or unduly delay the trial.' Record Data International, Inc. v. Nichols, 381 So.2d 1, 5 (Ala.1979) (citations omitted). `The grant or denial of leave to amend is a matter within the sound discretion of the trial judge and is subject to reversal on appeal only for an abuse of that discretion. Walker v. Traughber, 351 So.2d 917 (Ala.Civ.App. 1977). The trial court acts within its discretion so long as its disallowance of an amendment of pleadings is based upon some valid ground, such as actual prejudice or undue delay. Poston v. Gaddis, 372 So.2d 1099 (Ala.1979).' Ex parte Reynolds, 436 So.2d 873, 874 (Ala. 1983). Although the cases cited in this paragraph deal with the interpretation of Rule 15, A.R.C.P., the principles expressed have equal application here.
"Cochran attempted to orally amend his petition 8 months after his original petition had been filed, 15 days after that petition had been previously amended, after the evidentiary hearing had begun, and after the circuit court had ruled on a related ground of his petition. Cochran cannot claim that his proposed amendment was based on surprise, newly discovered evidence, or changed circumstances. `Courts may properly refuse permission to amend ... where there is no showing of diligence or that the facts were unknown to the applicant prior to his application.' 61A Am.Jur.2d § 312 at 301 (1981). See also Robinson v. Kierce, 513 So.2d 1005, 1006-07 (Ala.1987); National Distillers and Chemical Corp. v. American Laubscher Corp., 338 So.2d 1269, 1273-75 (Ala.1976). Consequently, we hold that the trial judge did not abuse his discretion in denying the amendment."
548 So.2d at 1075.[6]
The Court in Cochran relied, in part, on 61A Am.Jur.2d Pleading § 312, at 301 *452 (1981), dealing with amendments in civil pleadings in holding that the circuit court had properly denied Cochran's amendment because the amendment was based on facts that were, known to Cochran when his original petition was filed. Section 312 states:
"It is a general principle that as long as a reasonable possibility exists that a defect can be cured by amendment, such right should be afforded. As a general rule, an amendment to pleadings should be allowed at any stage of the proceedings, where it will not delay the suit nor affect the rights of the adverse party, and where the facts stated in the original and amended pleadings are substantially identical, or are germane to the issues in the case. Also, the facts and surrounding circumstances which occasioned the necessity for amendment may be entitled to consideration, as, for example, the fact that counsel was in no wise negligent. In determining whether a proposed amendment of an answer will further justice, it is proper for the court to consider the nature of the proffered new defense.
"Courts may properly refuse permission to amend a plea where the object of the amendment is to present a mere technical defense; where it is not made to appear that the proposed amendment is material; where the necessity to amend is not shown; where the amendment will be of no benefit to the party seeking it; or where there is no showing of diligence or that the facts were unknown to the applicant prior to his application.
"The factor that the proof may not sustain a proffered amendment does not justify its refusal, if the amendment is otherwise appropriate. It has been held, however, that the absence of any evidence as to the matter sought to be added to a complaint by amendment after proof requires denial of leave to amend.
"Under the Federal Rules of Civil Procedure it has been held that the merits of the claim are irrelevant in determining whether a motion to amend should be granted. As long as the amendment is not a frivolous or dilatory measure, and is made in good faith, it should be granted. The critical element in determining whether to grant leave to file an amended complaint is prejudice to the opposing party. However, the admonition of the Rules that leave to amend should be freely given is operative only in the absence of any apparent or declared reason for denial of leave, such as undue delay, lack of diligence, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, futility of amendment, and the like."
(Footnotes omitted.) The Court in Cochran also relied on Robinson v. Kierce, 513 So.2d 1005, 1006-07 (Ala.1987), and National Distillers & Chemical Corp. v. American Laubscher Corp., 338 So.2d 1269, 1273-75 (Ala.1976), both of which focused on undue delay and undue prejudice, not on whether the facts in the amendment were known at the time of the original pleading. For example, in National Distillers, the Court, quoting Stead v. Blue Cross-Blue Shield o Alabama, 294 Ala. 3, 6, 310 So.2d 469, 471 (1975), stated:
"`[W]e state that amendments are to be freely allowed and refusal of an amendment must be based on a valid ground. *453 We state also that Rule 15[, Ala.R.Civ. P.,] must be liberally construed by the trial judges. But, that liberality does not include a situation where the trial on the issues will be unduly delayed or the opposing party unduly prejudiced.'"
338 So.2d at 1274.
It appears to me, after examining the authority relied on by this Court in Cochran, that the facts in Cochran (Cochran attempted to orally amend his petition eight months after the original petition had been filed, 15 days after that petition had been previously amended, after the evidentiary hearing had begun, and after the circuit court had already ruled on a related ground of his petition) prompted this Court to note that the only way Cochran might have overcome the fact that his proposed amendment was dilatory and would have caused undue delay and prejudice would have been through a showing of surprise, newly discovered evidence, or changed circumstances. It is not apparent that the Court intended to hold that the lack of a showing that the facts were unknown to the petitioner before he filed the initial petition was, standing alone, sufficient under Rule 32 to support a circuit court's denial of a motion to amend, as the majority contends.
To take the statement in Cochran out of context, i.e., to remove it from the particular facts of that case, and apply it to all amendments to Rule 32 petitions, as the majority does, results in a holding that an amendment to a Rule 32 petition is properly denied when it is based on evidence and facts that were known when the original petition was filed, even though the amendment was diligently filed, would not unduly prejudice the opposing party, and would not unduly delay the proceeding. In other words, unless the amendment is based on facts and evidence discovered after the original petition was filed,[7] it may be properly denied even if the amendment contains claims that are meritorious on their face, the resolution of which is "necessary for a full and fair determination on the merits." Allen, 825 So.2d at 268. Therefore, I would overrule Cochran and its progeny, but only to the extent that Cochran has, in my view, been misinterpreted over the years and is continuing to be misinterpreted by the majority in this case, to stand for the proposition that amendments to Rule 32 petitions should be allowed only when based on facts not known to the petitioner at the time the original petition was filed.[8]
The majority's holding  that a circuit court does not abuse its discretion in denying an amendment to a Rule 32 petition when the facts in the amendment were known to the petitioner before the original petition was filed  gives trial courts virtually unfettered discretion to deny amendments. It ignores the plain language of Rule 32.7(d) that "[l]eave to amend shall be freely granted" (emphasis added), and also the well-settled proposition that an amendment to a Rule 32 petition should be allowed "if it is necessary for a full determination on the merits and if it does not unduly prejudice the opposing party or *454 unduly delay the trial," Cochran, 548 So.2d at 1075; Allen, supra; and Talley v. State, 802 So.2d 1106 (Ala.Crim.App.2001). See also Ex parte Allen, 825 So.2d at 273 (noting that although leave to amend a Rule 32 petition is within the discretion of the circuit court, pursuant to Rule 32.7(b), "amendments are allowed at any time `prior to the entry of judgment'")(emphasis added). It also disregards the clear intent of Rule 32.
The very structure of Rule 32 itself indicates that the intent of the rule was to encourage petitioners to litigate all of their claims in the first petition filed. The rule requires specificity in pleading, Rule 32.3 and Rule 32.6(b); with respect to summary disposition, it specifically provides, as noted above, that a circuit court "may" grant leave to amend a petition that is not sufficiently specific or fails to state a claim, but it directs that such leave "shall be freely granted," Rule 32.7(d); it precludes successive petitions, Rule 32.2(b); and, most detrimental to Rhone, it precludes any claim of ineffective assistance of counsel raised in a second or subsequent petition, Rule 32.2(d). As this Court recognized in Nickerson v. State, 597 So.2d 762 (Ala. Crim.App.1992):
"Rule 32 not only `[c]onsolidates habeas corpus and coram nobis into a single comprehensive remedy,' it `[r]equires, subject to a limited exception, the consolidation of all claims in a single petition.' H. Maddox, Alabama Rules of Criminal Procedure § 32.0, p. 783 (1990)(emphasis added). `Postconviction relief ... is intended ... to eliminate confusion and avoid repetitious and successive applications for relief while protecting petitioner's constitutional rights.' 24 C.J.S. Criminal Law § 1612 (1989)(footnote omitted). The procedural provisions of Rule 32, such as the preclusion provisions, were fashioned and adopted in furtherance of this goal of a single, comprehensive petition. See 24 C.J.S. supra at § 1637(b) (wherein it is noted that `[s]tate postconviction relief rules are specifically designed, where possible, to discover and adjudicate all claims for relief in a single application') (footnote omitted)."
597 So.2d at 763.
In filing his amendment, Rhone was attempting to comply with Rule 32  to litigate all of his claims in a single petition. The record reflects that the amendment was filed only two months after the original petition had been filed, over a month before the State filed its response to the petition, and over two months before the circuit court ruled on the petition. Nothing in the record suggests that allowing the amendment in this case would have caused actual prejudice or undue delay,[9] a factor the majority does not even consider in its analysis of this issue. Rather, relying on Rule 32.3, the majority concludes that Rhone failed to plead and prove by a preponderance of the evidence that he was entitled to have his amendment considered.
I know of no authority, and the majority cites to none, in which this Court or the Alabama Supreme Court has required a petitioner to plead and prove by a preponderance of the evidence that he or she exercised reasonable diligence in filing an amendment. Rule 32.3, by its very language, was clearly intended to apply to the claims within a Rule 32 petition. The issue whether an amendment should be allowed involves an objective analysis conducted by the court, based on the totality of the circumstances; its resolution does *455 not, as the majority states, necessarily involve a threshold question of pleading and proof under Rule 32. I believe that by filing the amendment long before the circuit court had ruled on the original petition and before the State had even responded to the original petition, Rhone exercised reasonable diligence and satisfied the "showing" requirement of Cochran.[10] Moreover, based on my review of the record, allowing the amendment in this case is necessary for a full determination on the merits. Although many of the claims in the amendment are based on errors allegedly committed by the trial court that are either insufficiently pleaded or, in all likelihood, are subject to the various procedural bars in Rule 32.2, some of the grounds of ineffective assistance of counsel in the amendment are sufficiently pleaded. If those allegations are not addressed in the present petition, they will forever be barred pursuant to Rule 32.2(d).
Because reasonable diligence in the filing of the amendment is apparent in this case, and because, as the State concedes, there is no indication that allowing the amendment would have caused undue delay of the proceedings or undue prejudice to the State, I must respectfully disagree with the majority's rationale for affirming the circuit court's ruling, i.e., that to do otherwise would "open a virtual Pandora's box." 900 So.2d at 449. I wholeheartedly agree that this Court should strive to do nothing that would unnecessarily create "yet more problems for an already overburdened and understaffed judicial system." 900 So.2d at 449. However, the law requires that properly pleaded Rule 32 claims be addressed.
Thus, under the circumstances in this case, I believe the circuit court abused its discretion in refusing to accept Rhone's amendment to his petition, and I would remand this case for the circuit court to accept the amendment and to rule on the claims presented in the petition as amended.
Therefore, I respectfully dissent.
NOTES
[1] Although the record does not indicate that Rhone's petition was officially filed in the circuit court until July 29, 2002, as evidenced by the "date filed" stamp appearing on the petition (C. 1) and the case action summary (C. 374), Rhone indicated in his verified petition that he placed the petition in the United States mail on June 17, 2002.
[2] Rhone was represented by the same counsel at trial and on direct appeal.
[3] This Court may take judicial knowledge of its own records. See Hull v. State, 607 So.2d 369, 371 (Ala.Crim.App.1992).
[4] For this reason, Rule 32.7(b) should be amended to set out the circumstances under which a Rule 32 petition may be amended, as well as to establish a specific time period beyond which amendments to a Rule 32 petition will not be entertained. Such an amendment would clarify the Supreme Court's intent and be instructive to all parties involved.
[5] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
[6] I note that despite holding that the circuit court had properly denied Cochran's second amendment to his petition, this Court nevertheless addressed the claim Cochran asserted in the second amendment, holding that his appellate counsel were not ineffective for not raising the Batson claim on appeal.
[7] As a practical matter, I am hard-pressed to imagine any claim other than a claim of newly-discovered evidence under Rule 32.1(e), Ala.R.Crim.P., that would be unknown to a petitioner at the time the original petition was filed so as to satisfy the majority's restrictive approach.
[8] I disagree with the majority's statement that the State's "concession [that the circuit court erred in not accepting Rhone's amendment] effectively abrogates the necessity to overrule [the Cochran] line of cases." 900 So.2d at 449. Merely because the State makes a concession, this Court may not ignore caselaw, even if that caselaw has, in my view, been misinterpreted.
[9] In fact, the State effectively concedes as much in its brief by requesting that we remand this case for the circuit court to address the claims asserted in Rhone's amendment.
[10] Of course, whether reasonable diligence is exercised will have to be determined on a case-by-case basis, and I do not speculate as to whether I would uphold the circuit court's ruling in this case if, for example, Rhone's amendment had been filed after the State had filed its response to the petition. See, e.g., Neelley, supra (circuit court properly refused to accept petitioner's second amendment to her petition filed approximately seven months after the evidentiary hearing on the original petition had been conducted), and Whitehead, supra (circuit court properly refused to accept the first amendment to the petitioner's petition filed on the day of the evidentiary hearing five months after the petition had been filed).