Docket No. 89313–Agenda 8–March 2001.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WILLIAM A. ROGERS, Appellant.

Opinion filed July 26, 2001.

JUSTICE FITZGERALD delivered the opinion of the court:

Following a jury trial in the McHenry County circuit court, the defendant, William Rogers, was convicted of two counts of criminal sexual assault, six counts of aggravated criminal sexual abuse, and six counts of child pornography for videotaping his sexual activities with two teenage boys who lived in his neighborhood. The trial judge imposed 15-year sentences on each of the two criminal sexual assault counts, to run concurrently with 7-year sentences on each of the six aggravated criminal sexual abuse counts. The trial judge also imposed concurrent 10-year sentences on each of the six child pornography counts. The judge ordered consecutive sentences under section 5–8–4(b) of the Unified Code of Corrections. 730 ILCS 5/5–8–4(b) (West 1998). The defendant first would serve 15 years for the criminal sexual assault and aggravated criminal sexual abuse convictions against the older boy. The defendant next would serve 15 years for the criminal sexual assault and the aggravated criminal sexual abuse convictions against the younger boy. The defendant finally would serve 10 years for the child pornography convictions. The defendant’s three consecutive sentences totaled 40 years’ imprisonment. The judge also ordered the defendant to pay restitution.

After sentencing, the defendant obtained a new attorney, who filed a motion to reduce the defendant’s sentence. Another judge heard and denied the defendant’s motion, and the appellate court affirmed the defendant’s conviction and sentence. 
People v. Rogers
, No. 2–95–0542 (1997) (unpublished order under Supreme Court Rule 23). We denied the defendant’s first petition for leave to appeal. 
People v. Rogers
, 175 Ill. 2d 549 (1997).

In 1998, the defendant then through counsel filed a post-conviction petition, which the trial court summarily dismissed as patently without merit. The appellate court affirmed the dismissal in part, but remanded the cause for further proceedings on the defendant’s claim that his appellate attorney was ineffective for failing to raise the issue that certain counts of the indictment were based on a single act.
(footnote: 1) No. 2–98–0725 (unpublished order under Supreme Court Rule 23). We granted the defendant’s second petition for leave to appeal. 
People v. Rogers
, 189 Ill. 2d 675 (2000); see 177 Ill. 2d R. 315(a). We now affirm.

ANALYSIS

The defendant raises three issues in his appeal. We focus initially on his first two contentions: whether the trial court erred in summarily dismissing ineffective assistance of counsel claims against his trial attorney and his appellate attorney. The defendant asserts that his trial attorney was ineffective in failing to advise, prior to the defendant’s decision to reject the State’s guilty plea offer, that he could receive consecutive sentences totaling 40 years. The defendant also asserts that his appellate attorney was ineffective in failing to raise a meritorious issue on direct appeal: namely, that the defendant was denied a meaningful hearing on his motion to reduce sentence because the trial judge hearing the motion gave deference to the sentencing judge.
(footnote: 2)
 The Illinois Post-Conviction Hearing Act provides a procedural mechanism through which a criminal defendant can assert “that in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both.” 725 ILCS 5/122–1 (West 1998); see 
People v. Coleman
, 183 Ill. 2d 366, 378-79 (1998). In a post-conviction proceeding, the trial court does not redetermine a defendant’s innocence or guilt, but instead examines constitutional issues which escaped earlier review. See 
People v. Evans
, 186 Ill. 2d 83, 89 (1999). A post-conviction petition is a collateral attack upon a prior conviction and sentence, not a substitute for or an addendum to a direct appeal. 
People v. West
, 187 Ill. 2d 418, 425 (1999). Consequently, any issues which were decided on direct appeal are barred by 
res judicata
; any issues which could have been raised on direct appeal are forfeited. 
West
, 187 Ill. 2d at 425.

The petition must enunciate clearly “the respects in which petitioner’s constitutional rights were violated” and must include “affidavits, records, or other evidence supporting its allegations” or an explanation why such evidence is not attached. 725 ILCS 5/122–2 (West 1998). The Act further provides: “If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision.” 725 ILCS 5/122–2.1(a)(2) (West 1998).

We turn to the allegations of the defendant’s petition.

Trial Counsel

 The defendant’s post-conviction petition did not claim that his trial attorney was ineffective for failing to advise him of the sentencing range for the charged offenses. Instead, the defendant alleged that he was penalized for exercising his right to a jury trial when he received a sentence 28 years longer than the State’s plea offer. The defendant attached to his petition a letter from the McHenry County State’s Attorney’s office, which offered to recommend a 12-year sentence in return for the defendant’s guilty plea.

 In an affidavit attached to his post-conviction petition, however, the defendant stated:

“I was never properly admonished as to the ultimate possible length of my sentence.

*** I was never properly admonished or instructed as to how the indictments could be calculated other than the minimus [
sic
] and maximus [
sic
] of each offense.

*** Until I was actually sentenced, I was led to believe by both the prosecution and defense attorneys, that the maximum possible sentence was thirty years.”

In a supplement to his petition, the defendant alleged, “Because of the failure to advise defendant of the sum total of possible consecutive sentences, he was deprived of his right to be fully informed before rejecting the plea offer extended to him” by the State.

However, the record belies the defendant’s claim he was never advised of the possible length of his sentence. In the hearing on the defendant’s presentencing motion to reinstate bond, the defendant’s attorney stated:

“[The defendant] understands that those sentences could be from forty years to sixty years or whatever. He understood that when he came to my office for the first time way back when we sat down, and I gave him all of the options, and I told him that the sentence could be extended based on certain circumstances. So this is nothing new to him. He just didn’t learn about the sentence after he was convicted.  He’s known what the sentence could be all along.”

We have consistently upheld the dismissal of a post-conviction petition when the record from the original trial proceedings contradicts the defendant’s allegations. 
Coleman
, 183 Ill. 2d at 382; accord 
People v. Jones
, 66 Ill. 2d 152, 157 (1977) (“A court may also properly dismiss a post-conviction petition if the record of proceedings at trial shows the petition to be nonmeritorious”).

The trial court correctly dismissed this claim.

Appellate Counsel

The defendant’s post-conviction petition claimed his appellate attorney was ineffective for failing to raise unspecified nonsentencing issues. The defendant also alleged he was

“denied his statutory right to a Motion to Reduce Sentence, when the judge in denying the motion to reduce the sentence of incarceration, stated that the sentencing judge was within the statutory sentencing parameters and there was not abuse of discretion. *** By applying an appellate standard for review of sentence, instead of entertaining arguments to reduce for any reason, that judge frustrated the purpose of the statute and thereby denied defendant his constitutional right to due process of law ***.”

The two-pronged 
Strickland v. Washington
, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), test applies to claims of ineffective appellate counsel. 
People v. Caballero
, 126 Ill. 2d 248, 269-70 (1989). A defendant who claims that appellate counsel was ineffective for failing to raise an issue on appeal must allege facts demonstrating such failure was objectively unreasonable and that counsel’s decision prejudiced defendant. 
Enis
, 194 Ill. 2d at 377. If the underlying issue is nonmeritorious, the defendant has suffered no prejudice. 
Enis
, 194 Ill. 2d at 377. Normally, appellate counsel’s choices concerning which issues to pursue are entitled to substantial deference. 
People v. Mack
, 167 Ill. 2d 525, 532-33 (1995).

Section 5–8–1(c) of the Unified Code of Corrections provides for a motion to reduce a sentence. See 730 ILCS 5/5–8–1(c) (West 1998). Such a motion allows the trial court “the opportunity to review a defendant’s contention of sentencing error and save the delay and expense inherent in appeal if they are meritorious.” 
People v. Reed
, 177 Ill. 2d 389, 394 (1997). However, sentence determinations rest within the sentencing judge’s discretion, and a reviewing court may not substitute its judgment absent an abuse of discretion. 
People v. Stacey
, 193 Ill. 2d 203, 209-10 (2000); 
People v. Crete
, 113 Ill. 2d 156, 164 (1986); see also 
People v. Hanna
, 155 Ill. App. 3d 805, 811-12 (1987) (holding that a trial court has discretion to, but need not, hear additional evidence on a motion to reduce sentence).

Here, in ruling on the defendant’s motion to reduce sentence, the judge stated: “Under the limited area in which I believe I’m hearing this motion, I will find that the Judge was within the sentencing parameters of the statute, and second, the Court cannot find an abuse of discretion.” We have found no authority indicating this judge was required to exercise plenary review over the defendant’s sentence. Accordingly, the defendant’s appellate attorney was not ineffective in failing to pursue this issue. Again, the trial court correctly dismissed this claim.

In a supplemental brief, the defendant raises another issue never previously addressed in this case. The defendant contends that his consecutive sentences under section 5–8–4(b) violated 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Recently, however, in 
People v. Wagener
, 196 Ill. 2d ___ (2001), we held that consecutive sentences under section 5–8–4(b) do not violate 
Apprendi
. See also 
People v. Carney
, No. 90549 (June 21, 2001) (holding that consecutive sentences under section 5–8–4(a) do not violate 
Apprendi
). We, therefore, reject the defendant’s contention.
(footnote: 3)

CONCLUSION

For the reasons we have discussed, we affirm the judgment of the appellate court.

Affirmed
.

FOOTNOTES
1:     
1
The propriety of the appellate court’s ruling on the single-act issue is not before us.

2:     
2
In his initial brief, the defendant asserted that his appellate attorney was ineffective for failing to raise a double-enhancement issue. In his reply brief, the defendant “withdraws” this contention.

3:     
3
The defendant cannot raise this nonmeritorious constitutional issue in a post-conviction context. See 725 ILCS 5/122–1 (West 1998). We do not decide, however, whether a meritorious 
Apprendi
 issue is cognizable in a post-conviction proceeding, 
i.e.
, whether 
Apprendi
 applies retroactively to cases on collateral review.