WISE, Judge,
concurring specially.
I concur with the main opinion’s affir-mance of the circuit court’s denial of Hinton’s Rule 32 petition. I write specially to express my concerns with regard to several aspects of this case.
Hinton’s Rule 32 petition was filed in the circuit court on August 15, 1990. However, the circuit court did not enter its ruling on Hinton’s petition until January 18, 2005. This delay of almost 15 years was based in part on delays caused by Hinton’s amending his Rule 32 petition several times. Rule 32.7(b), Ala.R.Crim.P., provides that “[ajmendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment.” Likewise, Rule 32.7(d), Ala.R.Crim.P., states that “[ljeave to amend shall be freely granted.” Addressing the propriety of amendments to Rule 32 petitions, this Court, in Miles v. State, 845 So.2d 830 (Ala.Crim.App.2001), stated:
“ ‘[T]he circuit court is within its discretion in refusing to consider [a petitioner’s] motion to amend his [Rule 32] petition so long as disallowance of the amendment is “based upon some valid ground, such as actual prejudice or undue delay,” Cochran v. State, 548 So.2d 1062, 1075 (Ala.Cr.App.), cert. denied, 493 U.S. 900, 110 S.Ct. 259, 107 L.Ed.2d 208 (1989). A court may refuse permission to amend where there is no showing of diligence or no showing that the underlying facts were unknown to the petitioner before filing his petition. Whitehead v. State, 593 So.2d 126 (Ala.Cr.App.1991); Cochran.’ ”
845 So.2d at 832-33 (quoting Harper v. State, 676 So.2d 949, 951 (Ala.Crim.App. *314 1995)). Accord Makres v. State, 739 So.2d 1141, 1142 (Ala.Crim.App.1998); Neelley v. State, 642 So.2d 494, 497 (Ala.Crim.App.1993).
Even in cases such as this where the ultimate penalty of death has been imposed, there must be a point at which the claims presented to a court are sufficiently settled so as to allow the circuit court to render a decision in a timely fashion. For this reason, I believe that Rule 32.7(b) should be amended to set out the circumstances under which a Rule 32 petition may be amended, as well as to establish a specific time period beyond which amendments to a Rule 32 petition will not be entertained, absent extraordinary circumstances. Such an amendment would clarify the Alabama Supreme Court’s intent when it adopted Rule 32.7, Ala.R.Crim.P. Amending Rule 32.7(b) would prevent frivolous amendments to petitions, the consequence of which are unnecessary delays in the resolution of meritorious claims, as well as the creation of yet more problems for an already overburdened and understaffed judicial system.
I also write to express my concerns with regard to the evidence — or lack thereof— presented by the State to rebut Hinton’s claim that newly discovered evidence in the form of forensic testing established that the bullets recovered from the three crime scenes could not be linked to a single gun, namely, the revolver officers recovered from Hinton’s mother. In support of his claim for postconviction relief, Hinton presented the testimony of Lannie Emanuel, Raymond Cooper, and John H. Dillon, Jr., firearm and toolmark experts. The testimony of these experts called into question the testimony of David Higgins and Lawden Yates, the State’s expert witnesses at Hinton’s trial, who testified that the bullets from the three crime- scenes were fired from the same revolver that was recovered from Hinton’s mother.
I concur with the main opinion’s conclusion that Hinton was not entitled to relief on this claim. Moreover, I do not mean to suggest that a Rule 32 petitioner should be relieved of the burden of pleading and proving the facts necessary to entitle him to relief, as required by Rule 32.3, Ala. R.Crim.P. I do believe, however, that in cases such as this, where advances in forensic testing or scientific knowledge call into question earlier test results and/or prior expert testimony, the State would be well-advised to present additional evidence to rebut the petitioner’s evidence, rather than to “rest on its laurels” and be left to argue that the petitioner failed to meet his burden of proof under Rule 32.3, Ala. R.Crim.P.
Finally, I write to express my concerns regarding the trend of Rule 32 petitioners in raising claims couched in terms of newly discovered evidence that are, in fact, nothing more than an attempt to relitigate a petitioner’s entire case. Given that the evidence presented by Hinton did not constitute newly discovered evidence under Rule 32.1(e), Hinton’s claim was thus a claim of actual innocence of the capital-murder charges of which he was convicted, coupled with a claim that the State’s evidence was insufficient to support his conviction, a claim raised and addressed at trial and on direct appeal. Such a claim was procedurally barred. See, e.g., Russell v. State, 886 So.2d 123, 125 (Ala.Crim.App.2003). Although never specifically addressed by this Court, other jurisdictions have expressly recognized that a postcon-viction proceeding cannot be used as a substitute for a second appeal and will not serve as a forum for relitigating the guilt or innocence of the petitioner. See Decker v. State, 623 S.W.2d 563, 565 (Mo.Ct.App.1981).
*315 “ ‘The purpose of the post-conviction proceeding is to permit inquiry into constitutional issues involved in the original conviction that have not already been adjudicated or could have been.’ People v. Silagy, 116 Ill.2d 357, 365, 107 Ill.Dec. 677, 507 N.E.2d 830 (1987). Hence, in a postconviction proceeding, the trial court does not redetermine a defendant’s innocence or guilt, but instead examines constitutional issues which escaped earlier review. [People v.] Rogers, 197 Ill.2d [216,] 221, 258 Ill.Dec. 557, 756 N.E.2d 831 [ (2001) ]. As such, a petition for postconvictiorr relief is not an appeal of the underlying judgment; rather, it is a collateral proceeding. Rogers, 197 Ill.2d at 221, 258 Ill.Dec. 557, 756 N.E.2d 831; [People v.] West, 187 Ill.2d [418,] 425, 241 Ill.Dec. 535, 719 N.E.2d 664 [ (1999) ].”
People v. Blair, 215 Ill.2d 427, 447, 294 Ill.Dec. 654, 667, 831 N.E.2d 604, 617 (2005).
Absent legitimate claims of relief based on newly discovered evidence, this Court should not allow petitioners to relitigate claims of.guilt or innocence in Rule 32 petitions. To allow otherwise overburdens the entire judicial system.