2020 IL App (1st) 190278-U

No. 1-19-0278

Order filed July 10, 2020

SIXTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 13 CR 19704 |
| ANTONIO BAUGHNS, | ) ) | Honorable Ursula Walowski, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Mikva and Justice Cunningham concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The summary dismissal of defendant's *pro se* postconviction petition is affirmed over his contention that the petition presented an arguable claim of ineffective assistance of trial counsel.

¶ 2    Defendant Antonio Baughns appeals from the circuit court's summary dismissal of his *pro se* petition for relief filed under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq*. (West 2016)). On appeal, he contends that this court should remand for further postconviction proceedings because he raised an arguable claim that he was denied the effective assistance of trial

counsel based on counsel's failure to investigate or call the complaining witness as a defense witness at trial. For the following reasons, we affirm.

¶ 3    Following a 2014 bench trial, defendant was convicted of armed violence (720 ILCS 5/33A-2(a) (West 2012)) and sentenced to 18 years' imprisonment. On direct appeal, we vacated his sentence and remanded for resentencing because the trial court did not inform him of his potential sentence before allowing him to represent himself at his sentencing hearing, as required by Illinois Supreme Court Rule 401(a) (eff. July 1, 1984).*People v. Baughns*, 2017 IL App (1st) 150090-U. On remand, he was resentenced to 18 years' imprisonment.

¶ 4    Defendant was charged with one count of being an armed habitual criminal, one count of armed violence, three counts of unlawful use of a weapon by a felon, two counts of aggravated unlawful use of a weapon and one count of possession of a controlled substance.

¶ 5    At trial, Officer Oscar Lopez testified that, around 3:00 a.m. on September 11, 2013, he and his partner responded to a 911 call of a person with a gun at an apartment building in the 2800 block of West 22nd Place. When they arrived, a woman was yelling that someone had a gun, and pointed toward a gangway next to the building. Lopez observed a man, whom he identified as defendant, holding a black object in his right hand.Defendant bent down and placed the object on the ground. The officers jumped over the locked gate in front of the gangway, and placed defendant in handcuffs. Lopez walked to where defendant had bent down and recovered a loaded 9-millimeter handgun. Lopez testified that defendant said he was high on ecstasy and could get the officers "whatever [they] wanted" if they got his girlfriend to drop the charges.

¶ 6    Officer Russell Pitzer arrived and performed a custodial search of defendant. Pitzer recovered two plastic bags containing a white powdery substance from defendant's pocket. The

parties stipulated that a forensic chemist wouldtestify that the substance tested positive for heroin in theamount of 2.1 grams.

¶ 7    The State entered into evidence a certification from the Illinois State Police that defendant had not been issued a valid Firearm Owner's Identification Card, and certified copies of conviction showing that defendant had been convicted of possession of a controlled substance with intent to deliver and armed robbery.

¶ 8    Defendant moved for a directed finding, and the trial court granted the motion on one count of aggravated unlawful use of a weapon. The court denied the motion on the remaining counts.

¶ 9    Defendant testified that he and JasmineWarren were arguing, and he broke her phone. He denied placing a gun on the ground in the gangway or having any knowledge of the gun found by the police. While defendant acknowledged that, prior to being arrested, he had used ecstasy, he denied having any drugs on him that morning and denied making a statement to police.

¶ 10    The trial court found defendant guilty of the remaining seven counts. Prior to sentencing, counsel informed the court that defendant wanted a different attorney for sentencing. Defendant was unable to obtain a private attorney, and told the court that he wanted to "fire" his attorney and go *pro se*. The court conducted a preliminary inquiry into defendant's claim pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), during which defendant told the court, "Jasmine Warren, the one who made the 911 call *** couldn't be my witness. She's the accuser. She called 911 on me." The court responded that the State did not have to call every witness and stated, "I don't think it would be sound, effective legal representation by [counsel] to call a witness who would give testimony that would hurt you." The court found that defendant's allegations lacked merit and pertained to trial strategy and no new counsel would be appointed.

¶ 11    Defendant represented himself at sentencing and the court sentenced him to 18 years' imprisonment on one count of armed violence. The remaining counts merged for sentencing purposes.

¶ 12    On direct appeal, this court found that the trial court conducted an adequate inquiry into defendant's posttrial claims of ineffective assistance of counsel, but failed to inform defendant of the potential sentence so that he could make a knowing and intelligent waiver of his right to counsel prior to sentencing. *Baughns*, 2017 IL App (1st) 150090-U. Accordingly, this courtvacated defendant's sentence and remanded for resentencing. *Id.*

¶ 13    On remand, defendant was represented by a bar association attorney and the trial court sentenced defendant to 18 years in prison.

¶ 14    On August 24, 2018, defendant mailed a *pro se* postconviction petition under the Act, allegingmultiple claims of ineffective assistance of trial counsel, including that counsel was ineffective for failing to investigate and call Jasmine Warren as a defense witness. In the petition, defendant alleged that Warren would have testified that he did not have heroin or a weapon.He did not attach an affidavit, statement, or other evidence from Warren. He attached his own affidavit attesting to the truth of the statements in the petition, transcripts of his trial, redacted copies of the incident and arrest report, and letters to support his various claims.

¶ 15    In his petition, defendant further alleged that appellate counsel was ineffective for failing to argue the "cumulative effects" of trial counsel's errors, and stated, "All the issues enumerated on the face of this petition and ineffective assistance of counsel claims were available for direct appeal which should have been briefed."

¶ 16    On October 3, 2018, he filed a motion for leave to file an amended petition, alleging that trial counsel's ineffectiveness denied him "of a fair Preliminary examination or a[n] Indictment by Grand Jury."

¶ 17    On November 30, 2018, the circuit court issued a written order dismissing the petition and amended petition as frivolous and patently without merit. The circuit court found defendant's claims of ineffective assistance of counsel were barred by *res judicata* and waiver. The court explained that, waiver aside, defendant's claims were frivolous and patently without merit. As relevant to the present appeal, the court found defendant's claim that counsel was ineffective for failing to call Jasmine Warren was "merely bald, conclusory allegations" where he failed to provide an affidavit from Warren. The court noted that the decision whether or not to call a particular witness is a matter of trial strategy and that defendant failed to provide factual support for his claim or to explain the significance of Warren's potential testimony.

¶ 18    On appeal, defendant argues solely that the circuit court erred in summarily dismissing his claim that his trial counsel was ineffective for failing to call Jasmine Warren, the complaining witness, to testify.

¶ 19    The Act provides a method by which a defendant can assert that his conviction was the result of a substantial denial of his constitutional rights. *People v. Tate*, 2012 IL 112214, ¶ 8. An action for postconviction relief is a collateral proceeding rather than an appeal from the underlying judgment. *People v. Petrenko*, 237 Ill. 2d 490, 499 (2010). Consequently, "[p]rinciples of *res judicata* and waiver will limit the range of issues available to a post-conviction petitioner 'to constitutional matters which have not been, and could not have been, previously adjudicated.' " *People v. Scott*, 194 Ill. 2d 268, 273-74 (2000) (quoting *People v. Winsett*, 153 Ill. 2d 335, 346 (1992)).Where the facts regarding defendant's claim are already in the record and he presents no

new allegations in his petition or allegation that can be deemed outside of the record, his claim on the matter is forfeited. *People v. Blair*, 215 Ill. 2d 427, 455 (2005). Issues that were decided on direct appeal are barred by *res judicata*. *People v. Harris*, 224 Ill. 2d 115, 124-25 (2007).

¶ 20    At the first stage of postconviction proceedings, the circuit court may dismiss a petition if it is " 'frivolous or patently without merit.' " *People v. Cotto*, 2016 IL 119006, ¶ 26 (quoting 725 ILCS 5/122-2.1(a)(2) (West 2010)). A petition is frivolous or patently without merit if it "has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 12 (2009). An "example of an indisputably meritless legal theory is one which is completely contradicted by the record." *Id.* at 16; see *Petrenko*, 237 Ill. 2d at 496 (a petition lacks an arguable basis in law if it is contradicted by the record). Because most petitions are drafted at the first stage by *pro se* defendants, the threshold for a petition to survive the first stage of postconviction review is low. *People v.Allen*, 2015 IL 113135, ¶ 24.This low threshold, however, "does not excuse the *pro se* [defendant] from providing factual support for his claims; he must supply sufficient factual basis to show the allegations in the petition are 'capable of objective or independent corroboration.' " *Id.* (quoting *People v. Collins*, 202 Ill. 2d 59, 67 (2002)). We review the dismissal of a first stage postconviction petition *de novo*. *Allen*, 2015 IL 113135, ¶ 19; *Blair*, 215 Ill. 2d at 455.

¶ 21    In this court, defendant contends that the circuit court erred in summarily dismissing his petition because he presented an arguable claim that trial counsel was ineffective for failing to investigate and call Warren as a defense witness.

¶ 22    The State responds that defendant's claim is barred by *res judicata* and waiver because trial counsel's failure to call Warren is a matter of the trial record and could have been raised on direct appeal wheredefendant specifically addressed Warren's absence as a witness during the court's preliminary*Krankel*inquiry.

¶ 23    A criminal defendant has a constitutional right to effective assistance of counsel. U.S. Const., Amends. VI, XIV; Ill. Const. 1970, Art. I, § 8; *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient, and that the deficient performance prejudiced the defendant. *People v. Domagala*, 2013 IL 113688, ¶ 36. At the first stage of postconviction proceedings, the circuit court may not summarily dismiss a petition alleging ineffective assistance of counsel where: (1) counsel's performance arguably fell below an objective standard of reasonableness, (2) which arguably prejudiced petitioner. *People v. Scott*, 2011 IL App (1st) 100122, ¶ 29; see *Tate*, 2012 IL 112214, ¶¶ 19-20. Deficient performance is performance that is objectively unreasonable under prevailing professional norms, and prejudice is found where there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Petrenko,* 237 Ill. 2d at 496-97; *Strickland,* 466 U.S. at 690, 694. Generally, decisions about which witnesses to call at trial and what evidence to present are matters of trial strategy and are immune from claims of ineffective assistance of counsel. *People v. Wilborn*, 2011 IL App (1st) 092802, ¶ 79; see *People v. Flores*, 128 Ill.2d 66, 106 (1989) (trial counsel need not call a witness whose testimony would likely have been unreliable or harmful to the defendant).

¶ 24    After reviewing the record, we find that the circuit court did not err in summarily dismissing defendant's postconviction petition because his claims were barred by *res judicata* and waiver. Here, petitioner's claim that trial counsel was ineffective for failing to call Warren as a witness was addressed during the court's preliminary inquiry into his posttrial claims of ineffective assistance of counsel. "The procedure developed in *Krankel* is intended to fully address a defendant's *pro se* posttrial claims of ineffective assistance of counsel at the trial level, which

would serve to potentially limit issues on appeal or, if such issues are raised on appeal, would provide a sufficient record for the reviewing court to consider those claims." *People v. Jackson*, 2016 IL App (1st) 133741, ¶ 69. If, after examining the basis for defendant's claim, "the court determines that the defendant's factual claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the *pro se* motion." *Id.*

¶ 25    Here, the record shows that the trial court examined the basis of defendant's claim that his counsel was ineffective for failing to call Warren.During the court's inquiry, defendant told the court that Warren "[c]ouldn't be my witness. She's [the] accuser. She called 911 on me." The court responded that the State did not have to call every witness, and then stated, "I don't think it would be sound, effective legal representation by [counsel] to call a witness who would give testimony that would hurt you. What else for her ineffectiveness?" Thus, the record shows that the trial court addressed defendant's allegation. On direct appeal, defendant claimed that the trial court failed to conduct an adequate inquiry into his claims of ineffective assistance of counsel, and, to the extent that this court considered defendant's claim on direct appeal, it is barred by *res judicata*. See *People v. Johnson*, 2016 IL App (5th) 130554, ¶¶ 31-32 (finding the defendant's postconviction ineffective assistance claim was barred by *res judicata*, to the extent that defendant's allegations had already been considered by the trial court during a *Krankel* hearing, and also by the appellate court on direct appeal).

¶ 26    However, although defendant argued on direct appeal that the trial court failed to conduct an adequate inquiry into his posttrial claims of ineffectiveness, defendant did not specifically argue his claim that his trial counsel should have called Warren as a witness. As the facts regarding defendant's claim that trial counsel was ineffective for failing to call Warren as a witness are in the record and he does not present any new allegations or support in his petition, his claim on the

matter is forfeited.[1] See *Blair*, 215 Ill. 2d at 455; see also *Johnson*, 2016 IL App (5th) 130554, ¶¶ 31-32 (noting that even assuming that not all of defendant's allegations on ineffective assistance of counsel were raised on direct appeal, "they were certainly a part of the record and could have been the basis for that appeal.").

¶ 27    We recognize that exceptions to the doctrines of *res judicata* and forfeiture may allow otherwise barred claims to proceed. *Blair*, 215 Ill. 2d at 450-51; *People v.Harris*, 206 Ill. 2d 1, 13 (2002). In this case, however, even if defendant's claim was not barred by *res judicata* and forfeiture, defendant has notprovidedany corroborating evidence to support his claim, nor has he explained its absence, and the record contradicts his allegation that Warren would have testified that he did not have a gun. Although we must accept factual allegations at the first-stage of postconviction proceedings as true unless positively rebutted by the record, defendant must still set forth facts which can be corroborated and are objective in nature or explain why those facts are absent. See *Hodges*, 234 Ill. 2d at 10. The failure to do so may alone justify the summary dismissal of defendant's postconviction petition. See *Collins*, 202 Ill. 2d at 66. Here, defendant, did not provide an affidavit from Warren to support his petition, nor did he explain its absence. Instead, hesimply madea conclusory allegation in his petition that Warren would have testified that he did not have a gun. None of the documents that defendant attached to his *pro se* petition support this allegation. Defendant'sbroad, unsupported, conclusory allegation of ineffective assistance of counsel is not allowed under the Act. See *People v. Delton*, 227 Ill. 2d 247, 257 (2008); *Blair*, 215 Ill. 2d at 453.

---

[1] Although defendant alleged in his *pro se* petitionthat appellate counsel was ineffective for failing to argue cumulative error from trial counsel's ineffectiveness, he did not raise this argument on appeal. A claim in the petition that is not pursued on appeal is forfeited. See *People v. Pendleton*, 223 Ill. 2d 458, 476 (2006); see also*People v. Snow*, 2012 IL App (4th) 110415 ¶ 11 (points not raised in appellant's brief are forfeited); Ill. S.Ct. R. 341(h)(7) (eff. May 25, 2018) (same).

¶ 28 Contrary to defendant's uncorroborated allegation, the record shows thatWarren was the complaining witness who called 911. During the court's inquiry into his posttrial claim of ineffectiveness, defendant told the trial court, "Jasmine Warren, the one who made the 911 call *** couldn't be my witness. She's the accuser. She called 911 on me." Officer Lopez testified at trial that he and his partner responded to the 911 "call of a person with a gun." Defendant further acknowledges that the common law record contains two complaints, signed by Warren, stating that defendant pointed a firearm at her, and the redacted copy of the arrest report that defendant attached to his *pro se* petitionstates that the victim was "yelling, 'help, hes[sic] got a gun' " when police arrived on the scene. Where the record contradicts the defendant's allegations, the petition is frivolous and patently without merit and may be summarily dismissed. See *Hodges*, 234 Ill. 2d at 16; see also *People v. Rogers*, 197 Ill. 2d 216, 222 (2001) (stating, "We have consistently upheld the dismissal of a post-conviction petition when the record from the original trial proceedings contradicts the defendant's allegations.");*People v. Knapp*, 2019 IL App (2d) 160162, ¶¶ 34, 41, 67 (affirming summary dismissal where defendant's claim of ineffective assistance was rebutted by the record).

¶ 29 For the forgoing reasons, the circuit court did not err in summarily dismissing defendant's postconviction petition.

¶ 30 Affirmed.