2025 IL App (1st) 231881-U

No. 1-23-1881

Filed June 25, 2025

Third Division

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 86 CR 10084 |
| DONCHII MALONE, | ) ) | Honorable Domenica A. Stephenson |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Justices Reyes and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Defendant failed to establish cause and prejudice to permit leave to file a successive postconviction petition to assert a claim under the proportionate penalties clause of the Illinois Constitution.

¶ 2     Donchii Malone appeals the circuit court denial of his motion for leave to file a successive postconviction petition. We affirm.[1]

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 3                                    I. BACKGROUND

¶ 4        Malone was convicted of two counts of first degree murder for the 1986 gang-related shootings of 15-year-olds Larry Lane and LaRoyce Kendle. Malone was 19 years of age at the time of the murders. At sentencing, the trial court found Malone eligible for the death penalty but declined to impose it. Nonetheless, the court observed that Malone committed a "deliberate *** cold-blooded shooting and murder of two young people" and remarked that it did not "see any likelihood of rehabilitation or change in [Malone]." Having been convicted of the murder of more than one person, Malone was sentenced to a mandatory term of natural life imprisonment. Ill. Rev. Stat. 1985, ch. 38, ¶ 1005-8-1(a)(1)(c). His conviction was affirmed on direct appeal. *People v. Malone*, No. 1-88-2424 (1995) (unpublished order under Supreme Court Rule 23).

¶ 5        Malone filed an initial postconviction petition in 1995 alleging various claims of ineffective assistance of trial counsel and that a trial witness had recanted his testimony. The trial court dismissed the other claims and held an evidentiary hearing on the recantation. The hearing adduced that Malone had physically abused and threatened the witness so he would recant his trial testimony. The court found the recantation incredible and denied Malone's petition. The court's judgment was affirmed. *People v. Malone*, No. 1-99-2707 (2002) (unpublished order under Supreme Court Rule 23).

¶ 6        Malone filed a second petition in 2003 alleging errors in his initial postconviction proceedings. This court affirmed the trial court's summary dismissal of the petition. *People v. Malone*, No. 1-03-1932 (2004) (unpublished order under Supreme Court Rule 23).

¶ 7        A motion for leave to file a third petition was filed in 2016. The proposed petition asserted actual innocence and alleged prosecutorial misconduct. We affirmed the trial court's denial of the motion. *People v. Malone*, 2021 IL App (1st) 163006-U.

¶ 8      Malone filed the instant *pro se* motion for leave to file a successive petition in 2023. Among other claims, Malone alleged his mandatory life sentence for offenses he committed at age 19 violates the eighth amendment to the United States Constitution (U.S. Const., amend. VIII), the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), and the separation of powers doctrine. He argued the United States Supreme Court's decisions in *Miller v. Alabama*, 567 U.S. 460 (2012), and the Illinois Supreme Court's decisions in *People v. Thompson*, 2015 IL 118151, *People v. Harris*, 2018 IL 121932, and *People v. House*, 2021 IL 125124, which were each decided after his initial postconviction proceedings, established the requisite cause and prejudice for him to bring his claim in a successive petition.

¶ 9      In a written order, the circuit court denied Malone's motion for leave to file a successive petition. We allowed his motion for leave to file a late notice of appeal.

¶ 10                                   II. ANALYSIS

¶ 11      On appeal, Malone argues he made a *prima facie* showing of cause and prejudice for failing to include his sentencing claim in his initial petition and, therefore, the matter should be remanded for further proceedings. Specifically, he asserts that the statute mandating his natural life sentence prohibited the trial judge from considering mitigating factors, including his youth and rehabilitative potential, in violation of the Illinois Constitution's proportionate penalties clause. Malone relies on case law regarding similar claims for defendants who committed crimes as young adults, which was decided after Malone filed his initial petition.

¶ 12      The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) enables an imprisoned person to challenge their conviction or sentence on constitutional grounds. *People v. Jackson*, 2021 IL 124818, ¶ 27. The Act is not a substitute for or an addendum to a direct appeal. *People v. Rogers*, 197 Ill. 2d 216, 221 (2001). Rather, a petition filed under the Act is a collateral

action to raise issues that escaped review on direct appeal. *Id*. The Act contemplates the filing of only one petition. *People v. Lusby*, 2020 IL 124046, ¶ 27. Successive petitions are disfavored and only permitted upon leave of court. *People v. Edwards*, 2012 IL 111711, ¶¶ 24, 29. Leave to file a successive petition may be granted if the petitioner either (1) makes a colorable claim of actual innocence or (2) establishes a *prima facie* showing of both cause and prejudice. *People v. Montanez*, 2023 IL 128740, ¶ 77-78. Cause is an objective reason that prevented the petitioner from including the issue in an initial petition. *Id*. ¶ 77. Prejudice means the claimed error so infected the trial that the resulting conviction or sentence violates due process. *Id*. Leave should be denied when it is clear from a review of the successive petition and supporting documents that the claims raised fail as a matter of law or are insufficient to justify further proceedings. *People v. Smith*, 2014 IL 115946, ¶ 35. We review the trial court's denial of a motion for leave to file a successive petition *de novo*. *People v. Bailey*, 2017 IL 121450, ¶ 13.

¶ 13    In *Miller v. Alabama*, the Supreme Court held that state statutory schemes requiring a juvenile convicted of homicide to receive a natural life sentence without the possibility of parole violate the eighth amendment's prohibition on cruel and unusual punishment. 567 U.S. at 489. Such schemes foreclose a sentencing judge's ability to account for a juvenile's diminished culpability and heightened capacity for change. *Id*. at 479-80.

¶ 14    Subsequent to the *Miller* decision, our supreme court observed that a defendant who was aged 19 when he committed two murders was not foreclosed from asserting a *Miller*-based as-applied constitutional challenge to his mandatory life sentence in a postconviction petition. *Thompson*, 2015 IL 118151, ¶ 44. Later, the court clarified that the eighth amendment protection established in *Miller* did not extend to offenders who had reached their eighteenth birthday before committing their offense. *Harris*, 2018 IL 121932, ¶ 61. But the court left open the possibility that

a young adult offender could mount a *Miller*-based as-applied proportionate penalties challenge, so long as the record was sufficiently developed with "evidence about how the evolving science on juvenile maturity and brain development that helped form the basis for the *Miller* decision applies to [the] defendant's specific facts and circumstances." *Id*. ¶ 46.

¶ 15　　　　Although the court opened the door for young adult offenders to assert a *Miller*-based proportionate penalties claim, the door was opened only wide enough to permit such claims in an initial postconviction petition. *People v. Horshaw*, 2024 IL App (1st) 182047-B, ¶ 62. In general, claims that could have been raised in an initial or amended petition, but were not, are deemed waived. 725 ILCS 5/122-3 (West 2022). In *People v. Dorsey*, 2021 IL 123010, the court observed, "Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing," so *Miller* provided only "some helpful support" for a proportionate penalties claim. *Id*. ¶ 74. Thus, "*Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause." *Id*. Since *Dorsey*, our supreme court has maintained that young adult offenders cannot establish cause to file a successive petition based on *Miller* and its progeny. *People v. Clark*, 2023 IL 127273, ¶ 93; *People v. Moore*, 2023 IL 126461, ¶ 40.

¶ 16　　　　Malone attempts to distinguish his claim from *Dorsey*, *Clark*, and *Moore*, on the basis that his life sentence was mandatory, while the sentences in those cases were discretionary. But those decisions did not hinge on the discretionary nature of the challenged sentence. As this court noted, "nothing in Moore suggested a distinction between discretionary and mandatory sentences." *People v. Leach*, 2024 IL App (4th) 230298, ¶ 86. Rather, the court observed, "As *Miller* does not directly apply to young adults, it also does not provide cause for a young adult offender to raise a

claim under the proportionate penalties clause." *Moore*, 2023 IL 126461, ¶ 40. We cannot read an exception for defendants who received mandatory sentences into the court's clear statement.

¶ 17    Malone also attempts to distinguish his claim by noting that, in addition to *Miller*, he relied on a specific line of Illinois cases (*Thompson*, *Harris*, and *House*). We do not find that those cases provide cause for a successive petition. The challenge contemplated in each case is still based on *Miller*. And "those cases addressed the possibility of a defendant raising a *Miller*-based challenge with respect to *mandatory* life sentences in *initial* postconviction petitions." (Emphasis in original.) *Clark*, 2023 IL 127273, ¶ 88 (citing *Thompson*, 2015 IL 118151, ¶¶ 1, 44 and *Harris*, 2018 IL 121932, ¶¶ 1, 48). This is not Malone's initial petition.

¶ 18    Finally, Malone argues he has shown cause since, when he filed his initial petition in 1995, he lacked the factual evidentiary support now available to corroborate that the brains of young adults are still developing "because the scientific community had not yet made that determination." Malone did not present this argument in his motion or proposed petition before the trial court. Instead, his cause argument relied solely on case law. A petitioner generally cannot raise new cause-and-prejudice theories for the first time on appeal. *People v. Jones*, 2017 IL App (1st) 123371, ¶ 60. In addition, Malone's appellate brief offers no specific time as to when the scientific community "determined" that the brain is still developing into adulthood and we doubt the proposition was unknown in 1995. To be sure, the *amicus* brief filed by medical experts in *Miller v. Alabama* regarding brain development cited at least 10 studies published before 1995. See Brief for the American Psychological Association, American Psychiatric Association, and National Association of Social Workers as Amici Curiae in Support of Petitioners, *Miller v. Alabama*, 567 U.S. 460 (2012) (Nos. 1-9646, 10-9647), 2012 WL 174239. Moreover, the idea that 19-year-olds are not fully mature adults is not based solely on science but "common sense—on 'what any parent

knows,' " *Miller*, 567 U.S at 471. The claim would have been arguable without reliance on scientific studies. Further, our supreme court has not pinpointed a specific time when a proportionate penalties claim became cognizable for young adult offenders. On the contrary, the court has indicated that defendants could have raised a proportionate penalties claim long before Miller was decided. For example, Dorsey raised a proportionate penalties claim in 1998, arguing the trial court failed to adequately consider his age and rehabilitative potential. *Dorsey*, 2021 IL 123010, ¶ 73. The court likewise found such claims could have been raised in initial petitions filed in 2001. *Clark*, 2023 IL 127273, ¶ 24; *Moore*, 2023 IL 126461, ¶ 25. Like later-decided case law, later scientific studies may have provided "some helpful support," but a proportionate penalties claim was still available to Malone. *Dorsey*, 2021 IL 123010, ¶ 74.

¶ 19        In sum, we find Malone cannot establish cause for failing to include a proportionate penalties claim in his initial petition.

¶ 20        Even so, we also find that Malone cannot establish resulting prejudice since he failed to provide sufficient factual allegations about his specific facts and circumstances. Malone's only factual allegation regarding his youth and immaturity was his age. "An emerging adult postconviction petitioner who simply cites his age at the time of the offense and the evolving science on juvenile maturity and brain development does not state the gist of an as-applied claim that a mandatory life sentence violates the proportionate penalties clause of the Illinois Constitution." *People v. Williams*, 2024 IL 127304, ¶ 31. With nothing more than Malone's age, it is not possible to determine how the evolving science on juvenile maturity and brain development applies to his specific facts and circumstances. As the pleading standard to satisfy cause-and-prejudice is more exacting than the gist standard for an initial petition (*People v. Conick*, 232 Ill. 2d 132, 142 (2008)), Malone's motion and proposed petition are insufficient.

¶ 21                                              III. CONCLUSION

¶ 22            Based on the foregoing, we affirm the judgment of the circuit court.

¶ 23            Affirmed.