NOTICE

Decision filed 08/13/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240656-U

NO. 5-24-0656

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 14-CF-34 |
| | ) | |
| OMARI A. TINSLEY, | ) | Honorable |
| | ) | Michael A. Fiello, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Presiding Justice McHaney and Justice Boie concurred in the judgment.

ORDER

¶ 1    *Held*: We affirm the trial court's dismissal of defendant's postconviction petition where defendant's claims failed to present the gist of a meritorious constitutional claim.

¶ 2    Defendant, Omari A. Tinsley, appeals the trial court's order dismissing his postconviction petition at the first stage. For the following reasons, we affirm the decision.

¶ 3                     BACKGROUND

¶ 4    On September 16, 2014, defendant pled guilty to aggravated battery with a firearm and was subsequently sentenced to 25 years' imprisonment. Defendant appealed the sentence, raising claims that the trial court relied on improper sentencing factors and failed to properly weigh the mitigating evidence. The latter arguments addressed letters submitted on defendant's behalf, provocation as to defendant's possession of a gun, the *Miller* factors, his age, and his rehabilitative

1

potential. In the alternative, defendant argued that his trial counsel was ineffective for failing to object to the trial court's reliance on improper sentencing factors at sentencing or on reconsideration. This court affirmed defendant's sentence. *People v. Tinsley*, 2022 IL App (5th) 190536-U.

¶ 5        On April 9, 2024, defendant moved for leave of court to file a late postconviction petition, claiming that defense counsel's "tactical decisions were ineffective" by failing to call an expert clinical psychologist to independently corroborate "scientific developments in neurobiology and pre-frontal lobe brain development" of emerging young adults for use at sentencing. Defendant's postconviction petition reiterated this allegation, claimed that trial counsel failed to conduct a reasonable investigation into possible defenses, and noted there were a dozen or more eyewitnesses "to the shooting who were eligible character witnesses" at the sentencing hearing. He further claimed that these witnesses would have described defendant's "state of mind at the commission of the offense" as well as the victim's character and *modus operandi* as it concerned the victim's "menacing and violent reputation throughout the Carbondale community." Defendant argued that trial counsel's failure to conduct the reasonable investigation was "evident in the pretrial record." He further argued that trial counsel only called one witness to testify at the sentencing hearing despite reviewing Carbondale police reports received in discovery. He further argued that counsel stated there were discrepancies with the presentence investigation (PSI) but failed to elaborate on the discrepancies, and made statements at the motion to reconsider sentencing hearing that showed "defense counsel never had a sound strategy going in to this case." The petition further claimed that but for counsel's unprofessional errors, the sentencing hearing outcome would have been different. Attached to the petition was an "affidavit of truth" that incorporated his motion for leave

2

and postconviction petition but provided no additional information. Also attached to the petition was a FOIA response from the City of Carbondale along with a redacted police report for this case.

¶ 6     On April 18, 2024, the trial court issued an order finding that defendant's motion for leave was unnecessary because the court was not permitted to dismiss a postconviction petition solely on the basis of timeliness at the first stage. The order noted that the sole question at the first stage was whether defendant's petition was frivolous and patently without merit. The court acknowledged that defendant's prior appeal also argued ineffective assistance of counsel based on defense counsel's performance at the sentencing hearing, noting the complaints lodged therein were different from those raised in the postconviction petition but were nonetheless rejected by this court on appeal. Citing *People v. Blair*, 215 Ill. 2d 427 (2005), the trial court noted that issues that could have been raised in the direct appeal, but were not, were barred by the doctrine of forfeiture. The trial court found that the record contained all the information defendant "needed to raise in his appeal the claims he now raises in this petition for postconviction relief for the first time," and therefore, the issues were forfeited which rendered defendant's petition frivolous and patently without merit. Defendant timely appealed.

¶ 7                                ANALYSIS

¶ 8     The Post-Conviction Hearing Act (Act) provides a three-stage process that allows a defendant to assert that he incurred a substantial denial of constitutional rights during the proceedings that resulted in his conviction. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). The Act allows for a collateral challenge related to the constitutional violations. *People v. Montgomery*, 192 Ill. 2d 642, 653 (2000). The first stage is confined to the circuit court's independent review of the petition to determine whether it is frivolous or patently without merit. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). Frivolous petitions have no arguable basis in fact or law. *Id.* at 11-12; see also

3

725 ILCS 5/122-2 (West 2024). We review the first-stage dismissals *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 388-89 (1998).

¶ 9    The sixth amendment of the United States Constitution and the Illinois Constitution provide a constitutional right to the effective assistance of counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. Defendant's postconviction petition is premised on claims of ineffective assistance of counsel which are considered under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 698 (1984). *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). The *Strickland* standard requires a defendant to demonstrate that counsel's performance was deficient and that defendant suffered prejudice due to counsel's errors. *Strickland*, 466 U.S. at 687. However, a postconviction petition alleging ineffective assistance may not be summarily dismissed at the first stage "if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *People v. Hodges*, 234 Ill. 2d 1, 17 (2009). The failure to establish either prong of *Strickland* precludes a finding of ineffectiveness. *People v. Easley*, 192 Ill. 2d 307, 318 (2000).

¶ 10    On appeal, defendant argues that the trial court erred in dismissing his petition because his claims could not be forfeited under *People v. Tate*, 2012 IL 112214. He claims the petition "met the very low first stage standard by stating the gist of a constitutional claim" because the allegations were couched in claims of ineffective assistance of counsel. Defendant further contends that his claims were premised on material outside the record and therefore were not forfeited. The State disagrees and requests affirmation of the first-stage dismissal.[1]

---

[1]Following oral argument, the State moved to cite additional authority, namely, *People v. Spencer*, 2025 IL 130015. The motion was ultimately taken with the case. We now deny the motion because *Spencer* deals primarily with sentencing issues and the defendant's as-applied constitutional challenge to the proportionate penalties clause of the Illinois Constitution. *Id*. ¶¶ 29-46. Nothing in *Spencer* altered the court's previous holding that limited *Miller* application to juveniles and not emerging adults. *Id*. ¶ 48. As such, *Spencer* is only tangentially relevant here and does not alter our decision in this matter.

¶ 11   The doctrines of forfeiture and *res judicata* are available for the trial court's independent consideration at the first stage of postconviction petition proceedings. *Blair*, 215 Ill. 2d at 445-46. Forfeited claims are those that "could have been raised, but were not, and are therefore barred." *Id.* at 443-44 (citing *People v. Rogers*, 197 Ill. 2d 216, 221 (2001)). "The doctrine of *res judicata* bars consideration of issues that were previously raised and decided on direct appeal." *Id.* at 443. Exceptions to the forfeiture and *res judicata* doctrines "may allow otherwise barred claims to proceed." *Id.* at 450. The exceptions include "where fundamental fairness so requires; where the alleged forfeiture stems from the incompetence of appellate counsel; or where facts relating to the claim do not appear on the face of the original appellate record." *Id.* at 450-51.

¶ 12   Here, no claim of appellate counsel incompetence is raised, and no argument of fundamental fairness is presented. Instead, as noted above, defendant argues that *Tate* precludes dismissal of his claims, and the facts relating to his claims do not appear on the face of the appellate record, relying on his affidavit and the FOIA-requested police report.

¶ 13   We first address the relevance of *Tate*. In *Tate*, defendant's postconviction petition was filed by private counsel and it was alleged that defendant's trial counsel was ineffective for failing to call four witnesses, two of which would provide an alibi for defendant. *Tate*, 2012 IL 112214, ¶ 4. Attachments to the petition included defendant's affidavit and four other affidavits from Tina (defendant's girlfriend at the time of the shooting and now wife), Marilyn (Tina's cousin and roommate), along with two occurrence witnesses, Charles and Shevell. *Id.* Defendant's affidavit alleged that he spent the evening of the incident with Tina. *Id.* ¶ 5. Tina and Marilyn's affidavits provided support for defendant's claim. *Id.* Charles and Shevell's affidavits contradicted defendant's presence at the shooting. *Id.* Defendant's postconviction petition was summarily dismissed and the appellate court affirmed the dismissal. *Id.* ¶ 6.

¶ 14　　On appeal to the Illinois Supreme Court, the State argued that defendant's ineffective assistance claims were forfeited because he did not include them in his posttrial motion. *Id.* ¶ 13. In addressing the argument, the supreme court noted that defendant's "ineffective-assistance claims thus are based on what trial counsel should have done, not on what counsel did." *Id.* ¶ 14. The court noted that the usual procedural default rule involved instances where the record disclosed what counsel did was erroneous; however, when " 'a claim based on what ought to have been done may depend on proof of matters which could not have been included in the record precisely because of the allegedly deficient representation,' " such claim was precluded from a finding of forfeiture. *Id.* (quoting *People v. Erickson*, 161 Ill. 2d 82, 88 (1994)). The court further noted "this court has 'repeatedly noted that a default may not preclude an ineffective-assistance claim for what trial counsel allegedly ought to have done in presenting a defense.' " *Id.* (quoting *People v. West*, 187 Ill. 2d 418, 427 (1999)). The court found that in *Tate*, none of the witnesses were called to testify and the contents of their affidavits could not have been included in the record and in such situation, forfeiture did not preclude defendant's claim "that counsel was ineffective for failing to call these witnesses, even though they were not included in [defendant's] posttrial motion." *Id.* ¶ 15. With this basis of analysis, we now consider defendant's claims.

¶ 15　　On appeal, defendant alleges that two viable claims exist in his petition. The first claim contends that trial counsel was ineffective by failing to obtain a psychological expert "to evaluate defendant, testify regarding adolescent and young brain development, and discuss defendant's rehabilitative potential." Here, the record establishes that no expert was called. However, the issues of defendant's age and rehabilitative potential were addressed at both the sentencing hearing and raised in defendant's motion for reconsideration. Further, the same issues were raised on direct appeal with specific references to *Miller v. Alabama*, 567 U.S. 460 (2012), *Graham v. Florida*,

6

560 U.S. 48 (2010), and *Roper v. Simmons*, 543 U.S. 551 (2005). As these issues were presented and addressed in defendant's direct appeal, it is difficult to see why defense counsel's failure to hire an expert could not have been raised on direct appeal. However, we note that *Tate* precludes finding that the issue was forfeited as the claim was based on something counsel purportedly failed to do.

¶ 16 Defendant's second claim contends that "[d]efense counsel did not conduct any reasonable investigations during pre-trial proceedings, *which is evident in the pre-trial record ***.*" (Emphasis added.) In support, the petition further alleges that numerous witnesses to the incident were not called to testify at the sentencing hearing and attaches a January 27, 2014, FOIA-obtained police report from the incident. However, defendant's petition further alleges that defense counsel received the police department's investigative reports in discovery and reviewed them. Here again, it is clear based on defendant's own allegations, that the basis of the current postconviction claim was known before the direct appeal; however, because the claim is couched in what defense counsel allegedly failed to do, forfeiture is precluded pursuant to *Tate*.

¶ 17 Despite the preclusions of *Tate*, we cannot find that the trial court's dismissal was erroneous. The lack of supporting documentation for defendant's claim is blatantly obvious. Although a petitioner is only required to provide a limited amount of detail in the petition, the petitioner is not excused from providing factual details surrounding the alleged constitutional deprivation. *People v. Delton*, 227 Ill. 2d 247, 254 (2008). Further, the statute requires a petition to provide documentation or explain its absence in the petition. See 725 ILCS 5/122-2 (West 2024).

¶ 18 Here, defendant's petition alleges that a proper investigation "could have revealed other mitigation witnesses." However, unlike *Tate*, defendant's petition failed to include either the name or possible testimony of any favorable witness. Similarly, defendant's claim that a clinical

7

psychologist was necessary to evaluate him, discuss developing brain ages and provide testimony in support of defendant, provides no name of any clinical psychologist, why a clinical psychologist would be necessary to address developing brain age, or a report indicating that any such evaluation or report would be favorable in defendant's case.

¶ 19 "A claim that trial counsel failed to investigate and call a witness must be supported by an affidavit from the proposed witness." *People v. Enis*, 194 Ill. 2d 361, 380 (2000). "In the absence of such an affidavit, a reviewing court cannot determine whether the proposed witness could have provided testimony or information favorable to the defendant, and further review of the claim is unnecessary." *Id.*; see also *People v. Johnson*, 183 Ill. 2d 176, 192 (1998); *People v. Guest*, 166 Ill. 2d 381, 402 (1995); *People v. Thompkins*, 161 Ill. 2d 148, 163 (1994). While the absence of such affidavit may not be fatal to a postconviction petition if other evidence supports defendant's claims (see *People v. Dupree*, 2018 IL 122307, ¶¶ 42-43), failure to attach supporting documentation or explain its absence justifies the dismissal of the petition at the first stage of the proceedings *People v. Collins*, 202 Ill. 2d 59, 66 (2002); see also *People v. Coleman*, 183 Ill. 2d 366, 380 (1998); *People v. Jennings*, 411 Ill. 21, 26 (1952). The lack of any information regarding the expert and alleged witnesses or their possible testimony requires this court to find trial counsel's alleged deficiencies are not arguable.

¶ 20                                     CONCLUSION

¶ 21 For the above-stated reasons, we affirm the trial court's first-stage dismissal of defendant's postconviction petition.


¶ 22 Affirmed.